STATE v. JOHN DIVINE and WILLIAM BROOKS.

To enable insolvent defendants, convicted in criminal actions to appeal from judgments of the Court below, it must appear by affidavit that they are wholly unable to give security for the costs, and that they are advised by counsel that they have reasonable cause for the appeal prayed for, and that the application is in good faith.

Act of 1869–'70, chap. 196.

INDICTMENT for keeping a disorderly house, tried before *Russell, J.*, at the January Term, 1873, of NEW HANOVER Superior Court.

The defendants were charged with keeping a disorderly house by indictment, drawn in 'accordance with precedents in Chitty's Crim. Law, and in the Court below were found guilty. The record states: " From the above judgment the said John Divine and William Brooks pray an appeal to the Supreme Court, and it appearing to the satisfaction of the Court here, that the said John Divine and William Brooks are insolvent, the said John Divine and William Brooks are allowed to appeal without security.

No counsel in this Court for appellants.
*Hargrove, Attorney General*, contra.

SETTLE, J. There is no case before us. The Act of 1869–'70, chap. 196, entitled, " An act to enable poor persons to appeal to the Supreme Court in State cases," give the right of appeal to insolvent defendants upon their complying with certain requisites specified in the Act. The record sent up states that "it appearing to the satisfaction of the Court here, that the said John Divine and William Brooks are insolvent, they are allowed to appeal without security."

The insolvency of the party is not alone sufficient to entitle him to the benefits of this act; it must also appear by the affidavit, which must be filed before the Judge can grant

STATE *v.* DIVINE and another.

the appeal, that the defendant is advised by counsel that he has reasonable cause for the appeal prayed for, and that the application is in good faith.    Both of these essential requisites are wanting in the record before us.    We think that the affidavit should set forth the name of the counsel who advises that there is reasonable cause of the appeal.    Otherwise, it would be in the power of a defendant to commit a fraud upon the Court, for it does not follow that the counsel upon whom he relies is an attorney of the Court or any one learned in the law.

This construction is reasonable and can work no hardship upon insolvent defendants whose cases have merits.

We might stop here, but as this is the first case in which we have announced our construction of this act, it may save the defendants further trouble and expense to say that we have examined the whole record and find no error.    The indictment seems to have been copied from Chitty's Crim. Law, and we see no good ground of complaint either to the rulings of his Honor or the finding of the jury.

PER CURIAM.                                Appeal dismissed.