STATE v. HILLSMAN MORGAN.

*Appeal--Practice in Criminal Cases.*

In criminal cases, a defendant cannot appeal without security, unless he makes an affidavit that he is advised by counsel that he has reasonable cause for appeal and that his appeal is in good faith. The Superior Court has no right to allow such appeal merely for delay.

INDICTMENT for Murder tried at Spring Term, 1877, of FRANKLIN Superior Court, before *Buxton, J.*

The exceptions upon which the appeal was taken are set out by Mr. Justice READE in delivering the opinion of this Court. There was a verdict of guilty. Judgment. Appeal by the defendant.

*Attorney General,* for the State.
No Counsel for the defendant.

READE, J. In criminal actions every reasonable indulgence is granted the defendant. And if convicted he is allowed an appeal to the Supreme Court without security if he is unable to give it. There is however one restriction upon his right of appeal. Inasmuch as he has no new trial in the Supreme Court, but only questions of law are determined, he is reasonably required to make an affidavit that he is *advised by counsel* that he has *reasonable cause* for appeal and that his appeal is in good faith.

The law is strictly just to its subjects and it is the duty of the Courts to execute justice in mercy, but still there must be firmness and decision. Punishment must follow guilt, and that with reasonable dispatch and without evasion. The Superior Court has no right to allow an appeal without security merely for delay. There must be a compliance with

STATE *v.* MORGAN.

the statute. It is not a matter of discretion. If the Legislature had contemplated an appeal for delay merely, there would have been no necessity for the expense and trouble of an appeal. It might have provided that no convict should be punished until six months after conviction.

There having been no affidavit by the defendant that he had been advised by counsel that he had reasonable cause for the appeal, and that the appeal was in good faith, it might be dismissed as improvidently granted.

The exceptions upon which the case comes up very clearly indicate that the appeal was for delay merely. Probably no counsel would have risked his reputation in endorsing them, and no counsel ought to have taken them. There is not only no force in them, but they are trifling. They are:

1. "Because witnesses summoned for the prisoner were not present.

2. "Because until up to a recent period the prisoner was without counsel.

3. "Because the prisoner had not asked for a continuance.

4. "Because the Solicitor had entered a *nol pros.* on the first bill and tried on the second bill.

5. "Because the *venire* were not summoned to try on the second bill.

6. "Because His Honor excused a juror who swore he was too infirm to serve as a juror."

It is apparent that there is no force in any of the exceptions taken as they appear of record.

We have examined the whole record and there is no error. This will be certified with this opinion.

PER CURIAM.                    Judgment affirmed.