## STATE v. BRYAN MOORE.

*Appeal in Forma Pauperis in Criminal Actions.*

To entitle a defendant in a criminal action to an appeal to the Supreme Court without security for costs, he must file his affidavit containing these essential averments: (1). That he is wholly unable to give security for the costs; (2). That he is advised by counsel that he has reasonable cause for the appeal prayed; and (3). That the application is in good faith. The Code, §1235. The Court has no authority to dispense with, or the prosecutor to waive the requirements of the statute in this respect.

(*State* v. *Divine,* 69 N. C., 390; *State* v. *Morgan,* 77 N. C., 510; and *Stell* v. *Barham,* 85 N. C., 88, cited and approved).

APPEAL from the Inferior Court of BEAUFORT county, heard before *Gudger, Judge,* at Spring Term, 1885, of Beaufort Superior Court.

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. Geo. H. Brown,* for the defendant.

MERRIMON, J. At the August Term of 1884, of the Inferior Court of the county of Beaufort, the defendant was convicted of a criminal offence; there was judgment against him, and he appealed from the same to the Superior Court of that county.

At the Spring Term of 1885, of the latter Court, the judgment of the Inferior Court was affirmed, and the defendant appealed to this Court. He filed an affidavit in that connection, the material part of which is in these words: "That he is unable to give any security for costs on his appeal to the Supreme Court, and unable to give a bond or security; that he is a very poor man, and has no property whatever; that he is advised by his counsel to appeal to the Supreme Court in this cause, and he prays to be allowed to sue without giving bond."

Upon this affidavit he moved the Court that he be allowed to bring up this appeal "without giving security for cost." The

Court allowed the motion and entered an order in these words: "The defendant having appealed, and filed his affidavit that he is unable to give an appeal bond, or other security as required by law, he is permitted to appeal without giving bond."

In this Court, when the case was called for argument, the Attorney General moved to dismiss the appeal, because "there has not been filed the required bonds or undertaking on appeal, or the necessary affidavit and proofs to authorize the appeal without such bond or undertaking."

Generally, a defendant convicted of a criminal offence, either in the Superior or Criminal Court, has the right to appeal to this Court "on giving adequate security to abide the sentence, judgment or decree of the Supreme Court." The Code, §1234.

But the statute makes an exception in favor of such defendants, who are unable to give security for costs of the appeal. The Code, §1235, provides that: "In all such cases of conviction in the said Courts, (the Superior or Criminal Courts), the defendant shall have the right to appeal without giving security for costs, upon filing an affidavit that he is wholly unable to give security for the costs, and is advised by counsel that he has reasonable cause for the appeal prayed, *and that the application is made in good faith.*"

So the Court has no authority to grant an appeal "without security for costs," until the affidavit so required shall be filed. This is so because, in the absence of the affidavit, the statute requires security for costs to be given, and the Court cannot disregard the statute; this is the source of its authority in such respect.

The affidavit required, must at least embody in substance these facts: *First,* that the defendant is wholly unable to give security for the costs; *secondly,* that he is advised by counsel that he has reasonable cause for the appeal prayed for; *thirdly,* that the application is made in good faith.

The statute makes these facts essential, and an affidavit that omits them is not such a one as is required to authorize the Court to allow the appeal without security for costs. While the

law is careful not to allow the poverty of a defendant to deprive him of the right to appeal in a proper case, it does not encourage groundless or frivolous appeals, taken merely for the purpose of delay to gratify a whimsical or peevish temper. To prevent this in some measure, the affidavit embodying the material facts mentioned, is required to enable the Court to allow the appeal without security for costs.

The affidavit in this case is fatally defective. It sufficiently states the inability of the defendant to give the security for costs; but it wholly fails to state the further material facts that he "is advised by counsel that he has reasonable cause for the appeal prayed, and that the appeal is in good faith." There is nothing in it that can reasonably be construed as implying such meaning. The mere fact that counsel advised him to appeal, does not imply that he was of opinion that there was reasonable cause for it; if he thought there was, he ought to have said so; that he did not, rather implied that he did not think so. It may be, the counsel advised him to appeal to avoid present punishment, or for some other cause.. In such case, the law does not allow an appeal without security for costs. In *State* v. *Divine*, 69 N. C., 390, the Court said: "The insolvency of the party is not alone sufficient to entitle him to the benefit of this act; it must also appear by the affidavit, which must be filed before the Judge can grant the appeal, that the defendant is advised by counsel that he has reasonable cause for the appeal prayed for, and that the application is in good faith. Both of these essential requisites are wanting in the record before us. We think the affidavit should set forth the name of the counsel who advises that there is reasonable cause for the appeal. Otherwise, it would be in the power of the defendant to commit a fraud upon the Court, for it does not follow that the counsel upon whom he relies, is an attorney of the Court, or any one learned in the law." *State* v. *Morgan*, 77 N. C., 510, is to the same effect, and as also *Stell* v. *Barham*, 85 N. C., 88.

It was suggested in the argument, that it must be taken that the Solicitor for the State was present when the Court made the order

allowing the appeal, and waived the insufficiency of the affidavit, but this he had no power to do. He represented the State, it is true, but the statute conferred upon him no such discretion; he could not suspend or waive a statutory requirement.

The motion to dismiss the appeal must be allowed.

Appeal dismissed.