STATE v. SAM JONES and WILL JONES.

*Appeal in forma pauperis—Presumption.*

1. The affidavit upon which an order is based allowing the defendant to appeal *in forma pauperis*, must state that he is unable to give security, that he is advised by counsel that there is reasonable ground for the appeal, and that it is taken in good faith.

2. Where the affidavit does not appear in the record, but the substance thereof is set forth in the order allowing the appeal, from which it appears that it was fatally defective, a presumption that the order was based upon a sufficient affidavit cannot arise.

(*State* v. *Divine*, 69 N. C., 390 ; *State* v. *Morgan*, 77 N. C., 510 ; *State* v. *Moore, ante*, 500 ; *Leatherwood* v. *Boyd*, 1 Wins., 123, cited and approved).

INDICTMENT for an Affray, tried before *MacRae, Judge,* and a jury, at Spring Term, 1885, of CALDWELL Superior Court.

When the case was called in this Court, the Attorney General moved to dismiss for the reasons set out in the opinion.

*Attorney General,* for the State.
*Messrs. A. M. Lewis & Son,* for the defendant.

MERRIMON, J.  The Attorney General moved to dismiss this appeal upon the ground that the order allowing the defendant to appeal without giving security for costs, was improvidently granted, in that the affidavit upon which it was founded, failed to state that the application for such order was made in good faith.

The affidavit was not sent up as part of the transcript of the record, but the order recites, that "upon the affidavit filed in this case by the appellants that they are unable to file an appeal bond, or make a money deposit in lieu thereof," &c.

It is manifest that the affidavit was insufficient.  It is settled that the Court could not make the order, unless it appeared that the defendants were unable to give security for costs, that they were advised by counsel that there was reasonable cause for the

appeal, and that the application therefor was made in good faith. *State* v. *Divine,* 69 N. C., 390; *State* v. *Morgan,* 77 N. C., 510; *State* v. *Moore, ante,* 500.

It was insisted on the argument by the counsel for the appellants, that the presumption. is, that the order was founded upon a sufficient affidavit. It is possible that this might be so, if the Court had not undertaken to set forth the ground of the order— the substance of the affidavit—but it did this, and it appears that it was insufficient and fatally defective. In such case, no such presumption arises, because the facts recited will not allow it— they rebutted any such presumption that might possibly have arisen. *Leatherwood* v. *Boyd,* 1 Winst., 123.

The exceptions in the record were argued in connection with the motion to dismiss the appeal. We are not at liberty to decide any question presented by them, as the motion to dismiss the appeal must be allowed. They seemed, however, to be without merit.

Dismissed.