STATE v. JAMES PAYNE.

*Appeals in forma pauperis.*

1. Where an affidavit to obtain an appeal without giving security for costs, in a criminal action, fails to state that the appeal is taken in good faith, it is fatally defective, and the appeal will be dismissed.

2. Where the affidavit to obtain an appeal *in forma pauperis* is defective, it is not a matter of discretion with the Court, but the appellee can have it dismissed as a matter of right.

(*State* v. *Morgan*, 77 N. C., 510; *State* v. *Divine*, 69 N. C., 390, cited and approved).

INDICTMENT, tried before *MacRae, Judge,* and a jury, at Spring Term, 1885, of the Superior Court of ASHE county.

The defendant was found guilty, and upon judgment being pronounced against him, appealed to this Court.

Not being able to give the undertaking on appeal, he applied to the Court to be allowed to appeal without security, and in support of his application filed an affidavit as follows:

"James Payne, defendant in above case, after being duly sworn, says that he is unable to give security, or make the deposit required by law, to enab'e him to appeal to the Supreme Court, and therefore asks to be allowed to appeal as a pauper."

The affidavit was accompanied by a certificate of counsel that the defendant's grounds of appeal were well founded.

When the case was called for argument in this Court, the Attorney General moved to dismiss the appeal on the ground that the defendant had not complied with the requirements of the statute allowing appeals in criminal cases without security for costs.

*Attorney General,* for the State.
*Mr. J. F. Morphew,* for the defendant.

ASHE, J., (after stating the facts). The affidavit is not in compliance with the statute. When persons are convicted, and are unable to give security for costs, the statute provides that "the defendant shall have the right to appeal without giving security for costs, upon filing an affidavit that he is wholly unable to give the security for costs, and is advised by counsel that he has reasonable cause for the appeal prayed, *and that the application is in good faith.*" The Code, §1235. The words in italics are held to be essential in an affidavit of this nature, to secure against appeals merely for delay.

In the case of *State* v. *Morgan,* 77 N. C., 510, these words were omitted, and the Court said "a defendant cannot appeal without security, unless he makes an affidavit that he is advised

by counsel that he has a reasonable cause for appeal, and that his appeal is in good faith." The Court further said, "there must be a compliance with the statute. It is not a matter of discretion." And in *State* v. *Divine*, 69 N. C., 390, it is held that it must appear by affidavit "that the defendant is advised by counsel that he has reasonable cause for the appeal prayed for, and that the application is in good faith. Both of these essential requisites are wanting in the record before us." To the same effect is decided at this term. *State* v. *Jones, post,* 617.

As we have no discretion in the matter, the appeal must be dismissed.

Dismissed.