STATE v. W. C. TOW.

*Practice in Supreme Court—Appeal In Forma Pauperis—The Code, §§ 552, 553, 1235.*

1. An affidavit, upon which is founded an order allowing a convicted person to appeal, *in forma pauperis*, under *The Code*, § 1235, is fatally defective if it does not state that the application is in good faith. Such averment is not required in civil cases under *The Code*, §§ 552, 553.

2. If an order is made allowing a defendant to appeal as a pauper, and the affidavit and certificate of counsel are not in the record sent to the Supreme Court, it will be presumed that they were in due form; but if they are sent up, and are not in due form, the appeal will be dismissed on motion of the appellee.

This was a MOTION, made in this Court by the Attorney General, to dismiss an appeal *in forma pauperis*, granted by *Clark, J.,* at Fall Term. 1888, of YANCEY Superior Court.

The facts are stated in the opinion.

*Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J. The charge against the defendant is for selling spirituous liquors in the county of Yancey, a territory in which a popular vote has been taken and declared to be in favor of prohibition, according to the provisions of chapter 32 of volume 2 of *The Code.*

After conviction and judgment the defendant obtained leave of the Judge, upon his affidavit of inability, to give security or make a money deposit, upon an appeal, to take the appeal *in forma pauperis,* and the transcript of the record has been brought to this Court.

Upon examination, the affidavit, which is sent up, is found to be fatally defective, in failing to state "that *the application is in good faith.*" This is essential to its sufficiency to sustain the appeal in criminal causes, under section 1235 of *The Code,* as determined in *State* v. *Payne,* 93 N. C., 612; *State* v. *Jones, ibid.,* 617.

The motion of the Attorney General to dismiss the appeal must be allowed. Had the record simply stated the allowance of the appeal unaccompanied with the affidavit of the defendant and the certificate of counsel, we should have proceeded to hear, assuming that the leave granted was rightful and proper, based upon sufficient grounds, on the maxim, " *Omnia rite presumuntur.*" *State* v. *Jones, supra.*

The counsel for the defendant seems, in preparing the paper to enable him to prosecute his appeal without giving security, to have followed the provisions of sections 552 and

553, which relate to appeals in civil cases and do not require the averment of good faith, the omission of which is a fatal defect in the affidavit in criminal cases, not adverting to section 1235.

Appeal dismissed.