THE STATE v. RICHMOND PRESTON.

*Appeal— Transcript— Certiorari.*

1. Before the Supreme Court will entertain an appeal the appellant must cause to be properly filed and docketed therein a duly certified transcript of the record of the action in the Court where the judgment sought to be reviewed was rendered. This transcript must show that the Court from which the appeal was taken was lawfully organized and held, and all the proceedings had in the action arranged in an orderly manner.

2. Ordinarily, where a defective transcript is filed, the Supreme Court will direct the writ of *certiorari* commanding a perfect record to be certified, but where, as in this case, it is apparent the appeal is without merit it will be dismissed on motion.

This was a CRIMINAL ACTION, commenced in the Court of a Justice of the Peace and tried before *Boykin, J.,* at Spring Term, 1889, of WASHINGTON Superior Court.

The case is stated in the opinion.

*The Attorney General,* for the State.
No counsel *contra.*

MERRIMON, J.: At the present term the Attorney General moved to dismiss this appeal, upon the ground that the appellant failed to file, in this Court, a proper transcript of the record of the case in the Superior Court.

The loose, disorderly and confused papers on file, intended, it seems, to constitute such a transcript, cannot be so treated. They purport to be simply a State warrant, issued by a Justice of the Peace against the appellant. It does not appear that he was ever arrested by virtue of it, or at all, or that he was ever tried for the offence charged in it, or that he appealed from any judgment to the Superior Court. It does not appear that a term of the Superior Court was held at a particular time or place or by a Judge, as allowed and required by law. It seems that there was a trial in the Superior Court, a verdict and judgment against the appellant, from which he appealed to this Court. A detached paper-writing on file purports to be the case settled on appeal by the Judge. If these papers were put together in an orderly manner, and certified by the Clerk under the seal of the Court, they would not embrace the essential substance of the record that it seems exists in the Superior Court. It must appear from the transcript of the record that a Court was duly held by a Judge, and that the Court had jurisdiction in some proper way. Otherwise, this Court cannot be put in relation with the Court below and the action there, and proceed to correct errors assigned or affirm the judgment.

No doubt there is a proper record of the case in the Superior Court, and we might direct the writ of *certiorari* to the Clerk of that Court, commanding and requiring him to certify a complete transcript thereof to this Court; and ordinarily, with a view to the ends of justice, we would do so, if it appeared that there were merits in the appeal. But we can see by the case settled for this Court that it is really without merit. We therefore think that the motion to dismiss it should be allowed. *Markham* v. *Hicks*, 90 N. C, 1; *State* v. *Saunders, id.*, 651; *State* v. *Butts*, 91 N. C., 524; *Row-*

*land* v. *Mitchell*, 90 N. C., 649; *State* v. *McDowell*, 93 N. C., 541; *State* v. *Johnston, id.,* 559; *Brandfort* v. *McKeithan*, 92 N. C., 561; *Pittman* v. *Kimberly, id.,* 562.

Motion allowed.