### THE STATE v. FRENCH DUNCAN.

*Appeal, Without Security.*

To entitle a convicted person to an appeal without giving an undertaking to secure costs, under section 1235 of *The Code*, it is essential that the required affidavit should state (1) that the defendant is wholly unable to give the security; (2) that he is advised by counsel that he has reasonable ground for appeal, and (3) that the application is made in good faith. These essential averments cannot be waived.

This was a charge of violating an ordinance of the town of Hendersonville, tried on appeal from the Municipal Court, at the Fall Term, 1890, of the Superior Court of HENDERSON County, before *Merrimon, J.* .

The defendant appealed without giving bond. The Attorney General moved to dismiss the appeal, because the affidavit and certificate of counsel are not made in compliance with the statute.

The affidavit, certificate and order of the Judge are as follows:

"The defendant, desiring to appeal from the judgment in the above cause, being sworn, makes affidavit that he is unable by reason of his poverty to give the security required by law for said appeal, and that he is advised by counsel learned in the law that there is error in the matter of law in the decision of the Superior Court in said action."

"I, Thomas J. Rickman, a practicing attorney in said Superior Court, do hereby certify that I have examined the case of above affiant, and am of the opinion that the decision of the Superior Court in said action is contrary to law."

"In the above and foregoing cause, it being made to appear to the Court by affidavit and certificate of counsel that the defendant is unable by reason of his poverty to make the deposit or give the security required by law for said appeal, it is, therefore, ordered that the said defendant be allowed to appeal from said judgment to the Supreme Court as in other cases of appeal, without giving security therefor."

*The Attorney General,* for the State.
No counsel *contra*

AVERY, J.—after stating the facts: The affidavit required by the statute (*The Code,* § 1235), must embody the statements: First, that the defendant is wholly unable to give security for the costs; secondly, that he is advised by counsel that he has reasonable cause for the appeal prayed for; third, that the application is made in good faith." *State* v. *Moore,* 93 N C., 500; *State* v. *Jones,* 93 N. C., 617. It is not a matter of discretion with the Court, but it is the right of the State to have an appeal dismissed where there is a failure to comply with either of the three essential requirements of the law. *State* v. *Payne,* 93 N. C., 613. The Solicitor is not authorized to waive compliance with it. *State* v. *Moore, supra.*

The affidavit is fatally defective, and the motion of the Attorney General to dismiss must be granted.

Appeal dismissed.