### THE STATE v. GEORGE H. WYLDE.

*Bigamy—Marriage—Evidence—Appeal without Security.*

1. On an indictment for bigamy, the first marriage, like any other fact, may be proved by the admission of the defendant, or by circumstantial evidence. The weight to be given to the evidence is a matter for the jury.

2. An application for leave to appeal without security under section 1235 of *The Code*, is fatally defective if the affidavit does not state that the application is made in good faith.

INDICTMENT for bigamy, tried at February Term, 1892, of GUILFORD Superior Court, *Whitaker, J.,* presiding.

The defendant appealed.

The facts are stated in the opinion.

*The Attorney General* and *Messrs. J. E. Boyd* and *L. M. Scott,* for the State.

*Messrs. Dillard & King* and *D. Schenck* (by briefs), for defendant.

CLARK, J.: There are several exceptions to the evidence, as well as exceptions for failure to give the prayers for special instructions. But the point raised by all the exceptions is, in effect, that the first marriage, which was alleged to have taken place in England, could not be shown by the admissions of the defendant, nor by proof of cohabitation and the admissions, but that the proof must be by an eye-witness of the ceremony, or a certified copy of the registration of the marriage, with proof that the minister officiating was authorized by the laws of England to administer the sacraments and solemnize marriage.

The Court charged that the admissions of the defendant, standing alone, would not be sufficient evidence of marriage;

but that such admissions, together with the proof offered in this case of the parties starting to chapel with the avowed purpose of being married, their return, saying they had been, and their subsequent open and continued cohabitation as man and wife, would be sufficient evidence, if believed by the jury, to establish marriage. While some authority may be found in other States to sustain the charge of the Court, we think it more favorable to the defendant than by the best precedents he was entitled to have. But of this the defendant cannot complain.

Proof by an eye-witness of the ceremony, with proof of the authority of the minister, under the laws of the place, to solemnize it, which the defendant contends is requisite, would be certainly plenary proof. It is not, however, the only proof. The circumstances in proof here of the parties starting off to be married, their return as from a marriage, and subsequent open cohabitation as man and wife, were certainly strongly corroborative of the admissions of the defendant, but are not indispensable. We think the true rule is laid down in *Miles* v. *United States*, 103 U. S., 304, where it is held, approving *Regina* v. *Simmonds*, 1 Car. & Kir., 164, that " on an indictment for bigamy the first marriage may be proved by the admissions of the prisoner, and it is for the jury to determine whether what he said was an admission that he had been legally married according to the laws of the country where the marriage was solemnized." The Court, of itself high authority, cited, as also sustaining this view, *Regina* v. *Upton,* cited in 1 Russ. Cr., 218; Duchess of Kingston's case, 20 How. St. Trials, 355; Truman's case, 1 East's P. C., 470; Cayford's case, 7 Me., 57; Ham's case, 11 Id., 391; *State* v. *Libby,* 44 Id., 469; *State* v. *Hilton,* 3 Rich. (S. C.), 434; *State* v. *Brittain,* 4 McCord, 256; *Warner* v. *Commonwealth,* 2 Va. Cases, 595; Norwood's case, 1 East's P. C., 470; *Commonwealth* v. *Murtagh,* 1 Ashm. (Pa.), 272; *Regina* v. *Newton,* 2 Moo. & R.,

503; *State* v. *McDonald*, 25 Miss., 176; *Wolverton* v. *State*, 16 Ohio, 173; *State* v. *Seals*, 16 Ind., 352; *Quin* v. *State*, 46 Id., 725; *Arnold* v. *State*, 53 Ga., 574; *Cameron* v. *State*, 14 Ala., 546; *Brown* v. *State*, 52 Id., 338; *Williams* v. *State*, 44 Id., 24; *Commonwealth* v. *Jackson*, 11 Bush. (Ky.), 679. The Court then goes on to say (103 U. S., 312) that the declarations of the defendant "appear to have been deliberately and repeatedly made, and under such circumstances as tended to show that they had reference to a formal marriage contract," and hold that there was no error in the Court below admitting the declarations, nor in the charge of the Judge, which was, "The declarations of the accused were evidence proper to be considered by the jury as tending to prove an actual marriage, and that such marriage might be proven like any other fact, by the admissions of the defendant, or by circumstantial evidence."

In *Regina* v. *Newton*, 2 Moo. & Rob., 503, WIGHTMAN, J., held that the prisoner's admissions, deliberately made, of a prior marriage in a foreign country, are sufficient evidence of such marriage, without proving it to have been celebrated according to the law of the country where it is stated to have taken place. 1 Roscoe Cr. Ev. (8th Am. Ed.), 454.

The rule is consonant with reason as well as with the great weight of authority, *ut supra*, that in indictments for bigamy "marriage can be proven, like any other fact, by admissions of the party or by circumstantial evidence," and no reason is shown why this should not be so. The weight to be given the admissions is properly a matter for the jury, not for the Court.

The affidavit for leave to appeal *in forma pauperis* is fatally defective under *The Code*, § 1235, in that it does not state that the application is in good faith. This has been often held. *State* v. *Tow*, 103 N. C., 350; *State* v. *Divine*, 69 N. C., 390; *State* v. *Morgan*, 77 N. C., 510; *State* v. *Moore*, 93 N. C.,

500; *State* v. *Payne*, 93 N. C., 612; *State* v. *Jones*, 93 N. C., 617. Owing to the nature and importance of the case, we have, however, notwithstanding, considered the point intended to be presented. *Milling Co.* v. *Finlay*, *ante*, 411.

Appeal dismissed.