STATE *v.* JAMES RHODES.

*Practice—Pauper's Appeal—Insufficiency of Affidavit.*

An affidavit to obtain an appeal *in forma pauperis*, which lacks the statu-
tory requirement of an averment of good faith, is insufficient and
unavailing.

INDICTMENT against the defendant, James Rhodes, for
burning certain barns, the property of Mrs. Mary H. King,
tried before *Shuford, J.,* and a jury, at January Term, 1893,
of FRANKLIN Superior Court.

There was a verdict of guilty, and from the judgment
thereon defendant was allowed to appeal *in forma pauperis,*
but in the affidavit omitted to aver that the application
was made in good faith.

*The Attorney General,* for the State.
*Mr. W. M. Person,* for defendant (appellant).

PER CURIAM: The right to appeal *in forma pauperis*
requires some restrictions against abuse.   What they shall
be is for the Legislature to determine; it has set out the
requirements in *The Code,* §1235.   The Court has no right
to abrogate any of these requisites.   This has been often

decided.  *State* v. *Jackson,* at this Term; *State* v. *Wylde,* 110
N. C., 500;  *State* v. *Tow,* 103 N. C , 350;  *State* v. *Jones,*
93 N. C., 617 ;  and, indeed, in a full score of cases.

The present case presents an affidavit which lacks the
statutory requirement of an averment " of good faith."
The appellant has not done what was requisite to place his
appeal before us.    We cannot help him, and the attempted
appeal must be dismissed.

Appeal Dismissed.