STATE *v.* ANDREW JACKSON.

*Appeal In Forma Pauperis—Insufficient Affidavit—Dismissal—Correction of Case on Appeal.*

1. An appeal *in forma pauperis* is only permissible when the statutory requirements have been complied with.

2. Where the substance only of the affidavit for leave to appeal *in forma pauperis* is set out in the case on appeal and the Court sees that it is insufficient, the appeal will be dismissed on motion of the appellee, not as a matter of discretion, but of right.

3. An amendment or correction to a case or transcript on appeal cannot be made by a party himself without *certiorari* granted.

4. While the Court may, in matters of grave concern, permit *certiorari* to issue on motion of a party without notice to the other side, or *ex mero motu,* this will not be done where the record shows only technical and not substantial grounds of exception to the proceedings below.

INDICTMENT for larceny, tried before *Shuford, J.,* at Fall Term, 1892, of NORTHAMPTON Superior Court.

The defendant was convicted, and appealed.

*The Attorney General,* for the State.
*Messrs. W. W. Peebles & Son,* for defendant.

CLARK, J.: The case on appeal, which was made up by appellant's counsel, no counter-case having been filed by the Solicitor, recites that the defendant appealed to this Court "*in forma pauperis* upon filing an affidavit that he is unable to give security for the costs of the appeal." This is almost identical with the language used in *State* v. *Jones,* 93 N. C., 617. It is there intimated that possibly if the recital had been simply that the defendant was permitted by the Court to appeal *in forma pauperis* upon affidavit filed there would be a presumption that the affidavit was sufficient. But where (as in that case and in this) the substance of the affidavit is set out and the Court sees that it is insufficient the appeal must be dismissed.

An appeal *in forma pauperis* is only permissible when the statutory requirements have been complied with. *State* v. *Wylde,* 110 N. C., 500, and cases there cited. The granting of the motion of the Attorney General to dismiss is not a matter of discretion, but a right. *State* v. *Morgan,* 77 N. C., 510; *State* v. *Payne,* 93 N. C., 612.

---

Since this cause was argued and decided and the opinion written the defendant sends up a copy of the affidavit on which the leave to appeal was granted. No motion or order for *certiorari* was made, and we cannot recognize this irregular mode of sending up papers after a cause is heard, without notice to the other side and without an order of the Court. Such papers become no part of the record. Notice was reiterated at last Term, in the case of *State* v. *Frizell* (111 N. C., 722), that if there were defects in making up cases or transcripts on appeal the Court would not grant *certiorari* to appellants to correct the same, unless it was shown that the appellant was without default. *A fortiori* the Court will not permit such correction and amendment to be made by the party himself without a *certiorari* granted.

It is true that, in an exceptional case, the Court might permit the *certiorari* to issue now, or might send it down *ex mero motu.* But an examination of the record shows technical, not substantial, grounds of exception to the proceedings below. The rulings and judgment of that Court are presumed to be correct. The case on appeal as made out by the appellant entitled the Attorney General to have his motion to dismiss granted. The appellant neither applied for a *certiorari* when the case was reached nor has the Court thought the case one requiring it to issue such writ *ex mero motu.*

Appeal Dismissed.