The case states that the defendant prayed an appeal to the Supreme Court, and, "upon filing his affidavit of his inability to give security for the cost of the appeal," was allowed to appeal in formapauperis. These are almost the very words used in S. v. Jones, 93 N.C. 617, in which the motion of the Attorney-General to dismiss was allowed. The subject is discussed and this precedent is followed in the late case of S. v. Jackson, 112 N.C. 849. Had the recital been simply that, "upon affidavit filed," the defendant is allowed to appeal without giving bond, there would perhaps have been a presumption that the affidavit contained the statutory requirements. But when the substance or purport of the affidavit is set out, and the court sees that it is insufficient, the appeal must be dismissed. An appeal without giving bond is only allowable in cases provided by statute. It is for the Legislature to provide the requirements and restrictions as to such appeals, and, when not complied with, the courts have no right to disregard the statute. S. v. Rhodes, 112 N.C. 856. In such cases the motion of the (832) Attorney-General to dismiss is not a matter of discretion, but a right. S. v. Morgan, 77 N.C. 510; S. v. Payne 93 N.C. 612;S. v. Jackson, 112 N.C. 850.
If the defendant had proper ground for a certiorari, he should have moved for it before the cause was reached for argument. S. v. Rhodes,112 N.C. 857. He will not be allowed to obtain a delay of six months by his own laches in this regard.
It is not improper to say that, looking into the record, there appears to have been no error, even if the case had been here regularly.
Appeal dismissed.
Cited: S. v. Bramble, 121 N.C. 603; S. v. Gatewood, 125 N.C. 695; S.v. Marsh, 134 N.C. 196; Honeycutt v. Watkins, 151 N.C. 653; S. v.Smith, 152 N.C. 842.