STATE v. CHARLES HARRIS.

*Appeal in Forma Pauperis—Insufficient Affidavit—Practice—
Certiorari.*

1. It is for the Legislature to provide the requirements and restrictions as to appeals without giving bond, and when not complied with the Courts have no right to disregard the statute, and the allowance of a motion to dismiss an appeal in such cases is a matter not of discretion but of right; therefore,

2. Where the case on appeal shows the defendant prayed an appeal and "upon filing his affidavit of his inability to give security for the cost of the appeal" was allowed to appeal without bond, the appeal will be dismissed on motion.

3. Where an appellant has ground for a *certiorari* he should move for it before the case is reached for argument.

The defendant was convicted of LARCENY at November Term, 1893, of GRANVILLE Superior Court, before *Winston, J.*, and was allowed to appeal without giving bond for costs.

In this Court the Attorney General moved to dismiss for want of appeal bond.

*The Attorney General* and *Mr. T. T. Hicks*, for the State. *Mr. J. W. Graham*, for defendant.

CLARK, J.: The case states that the defendant prayed an appeal to the Supreme Court and "upon filing his affidavit of his inability to give security for the cost of the appeal" was allowed to appeal *in forma pauperis.* These are almost the very words used in *State* v. *Jones*, 93 N. C., 617, in which the motion of the Attorney General to dismiss was allowed. The subject is discussed and this precedent is followed in the late case of *State* v. *Jackson*, 112 N. C., 849. Had the recital been simply that "upon affidavit filed" the defendant is allowed to appeal without giving bond, there would perhaps have been a presumption that the affidavit contained the statutory requirements. But when the substance or purport of the affidavit is set out and the Court sees that it is insufficient, the appeal must be dismissed. An appeal without giving bond is only allowable in cases provided by statute. It is for the Legislature to provide the requirements and restrictions as to such appeals, and when not complied with the Courts have no right to disregard the statute. *State* v. *Rhodes*, 112 N. C., 856. In such cases the

motion of the Attorney General to dismiss is not a matter of discretion but a right. *State* v. *Morgan,* 77 N. C., 510; *State* v. *Payne,* 93 N. C., 612; *State* v. *Jackson,* 112 N. C., 850.

If the defendant had proper ground for a *certiorari* he should have moved for it before the cause was reached for argument. *State* v. *Rhodes,* 112 N. C., 857. He will not be allowed to obtain a delay of six months by his own laches in this regard.

It is not improper to say that looking into the record there appears to have been no error, even if the case had been here regularly.                    Appeal Dismissed.