## STATE v. W. W. CAMPBELL.

### (Filed 20 December, 1922.)

**1. Homicide—Defense—Insanity—Appeal and Error.**

Upon this trial for homicide: *Held*, the verdict of the jury finding adversely to the defendant's plea of insanity will not be disturbed, on appeal. *S. v. Terry*, 173 N. C., 761.

**2. Appeal and Error—Assignments of Error—Rules of Court.**

Assignments of error should be incorporated in the case on appeal, to be considered. Rule 19 (2), 174 N. C., 832.

APPEAL by defendant from *Lane, J.,* at the July Term, 1922, of BUNCOMBE.

Criminal prosecution, charging the defendant with the crime of murder in the first degree.

From an adverse verdict and sentence of death, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Wright & Craig and G. Spears Reynolds for defendant.*

STACY, J. In the spring of 1922, the defendant was chief orderly and chief of police at the Government Hospital, Oteen, near Asheville, N. C. Mrs. Annie Smathers, a young widow, was one of the telephone operators at Oteen. There is evidence tending to show that Campbell, the defendant, was courting Mrs. Smathers, with a view to marriage. On the morning of the homicide, he stated to the witness, T. R. Parker: "I want to see her one more time and ask her to marry me. If she don't, she can't marry any other man."

In the afternoon of 6 May, 1922, the deceased, Mrs. Smathers, was riding with the defendant in his automobile on the Fairview road, near the village of Fairview, in Buncombe County, when she was seen to

jump from the moving car and run across the road as if she were trying to get away from the defendant.   The defendant stopped his car, jumped out himself; pursued the deceased, who was running rapidly, for twelve or fifteen yards, and then opened fire upon her with his pistol.. When she fell, he deliberately stood over her prostrate body and fired two or three bullets into her head.   Any one of at least three of the shots would have been fatal.     .                                    .

On trial, the defendant set up a plea of insanity; but this was not established to the satisfaction of the jury.   S. v. Terry, 173 N. C., 761.

There are no assignments of error incorporated in the statement of case on appeal (174 N. C., 832, Rule 19 (2); but, on account of the gravity of the offense, we have examined all of the exceptions with care, and find them to be without sufficient merit to warrant a reversal or an order for a new trial.

The record presents no error in law, and we must affirm the judgment.