STATE v. ERNEST WALKER.

(Filed 6 April, 1927.)

1. **Criminal Law — Instructions — Excerpts from Charge — Appeal and Error.**

   While the State is bound to show beyond a reasonable doubt every material element of the offense charged, an instruction to the jury will not be held for error if contextually construed as a whole, but not disjointedly as to excerpts from its various parts, the rule of law has been followed by the Court.

2. **Homicide—Murder—Capital Felony—Instructions—Burden of Proof.**

   Where the prisoner is on trial for murder in the first degree, burglary and rape, and there is evidence to support a verdict for each of these offenses, an instruction is proper, when construed as a whole, that the burden of proof was on the State to show beyond a reasonable doubt an unlawful killing with malice and with premeditation and deliberation, or murder committed in the perpetration, or attempt to perpetrate, other felonies named.

3. **Homicide — Evidence — Presumptions — Malice — Deadly Weapon—. Murder.**

   Where there is evidence that the prisoner on trial for a homicide killed the deceased by striking him on the head with an axe, a deadly weapon, the law raises the presumption that the killing was with malice at least sufficient to sustain a verdict of murder in the second degree.

**4. Homicide—Drunkenness—Intoxication.**

> As to the defense for committing a homicide, that it was done under the influence of voluntary intoxication or drunkenness, upon the question of mental incapacity, apply *S. v. Ross, ante,* 25, and other cases cited in that opinion.

APPEAL by defendant from *Lyon, Emergency Judge,* at October Term, 1926, of DURHAM.

Criminal prosecution, tried upon an indictment charging the defendant with a capital felony, to wit, murder in the first degree.

Verdict: Guilty of murder in the first degree (as shown by return to writ of *certiorari*).

Judgment: Death by electrocution.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Mel. J. Thompson and B. Ray Olive for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show that on the night of 25 July, 1926, the prisoner, Ernest P. Walker, a colored man, burglariously entered a dwelling-house in the city of Durham, in the night time, with intent to steal the goods and chattels of another then being in said dwelling-house, ravished Louie Cassidy, a colored woman, one of the occupants therein, murdered her husband, Joseph Cassidy, also an occupant of the house, by striking him three times on the head with an axe, successfully made his escape, and was arrested at his home three or four days thereafter. The murder, for which alone the prisoner has been tried and convicted, was committed in the perpetration of rape, robbery, and burglary. The charge is not denied; in fact, the *corpus delicti,* with all of its attendant atrociousness, is admitted. The defense interposed by the prisoner amounts to a plea of insanity, alleged to have been aggravated by intoxication or drunkenness at the time. The evidence tending to support this plea was properly submitted to the jury, and was rejected or found to be unsatisfactory. *S. v. Campbell,* 184 N. C., 765; *S. v. Terry,* 173 N. C., 761.

It is well settled, by a long line of decisions, that, in this jurisdiction, as well as in many others, in a criminal prosecution, where insanity is interposed as a defense, the burden of proof is on the defendant, who sets it up, to prove such insanity, not beyond a reasonable doubt, but to the satisfaction of the jury. *S. v. Jones,* 191 N. C., 753, and cases there cited.

The only questions presented by the defendant's appeal relate to the correctness of certain instructions contained in the court's charge to the

jury, and to the refusal of his Honor to give, without modification, as requested, two of the prisoner's prayers for special instructions.

The first exception is directed to the following portion of the charge:

"Now, before you can convict the defendant of murder in the first degree, you must be satisfied beyond a reasonable doubt (and the burden is on the State to satisfy you that the killing was either done in premeditation and deliberation, or was done in the commission, or attempt to commit, some other felony, burglary, rape, or arson)."

The prisoner excepts and assigns as error only that part of the instruction in parenthesis. If the part to which the prisoner excepts contained all that the judge said in regard to the burden of proof, which it does not, clearly the instruction would be erroneous, for, in every criminal prosecution, the prisoner's plea of traverse casts upon the State the burden of establishing his guilt beyond a reasonable doubt before a verdict can be rendered against him. *S. v. Tucker,* 190 N. C., 708; *S. v. Singleton,* 183 N. C., 738; *Speas v. Bank,* 188 N. C., 524. But the prisoner is not permitted to take parts of sentences, or select detached portions of the charge, and assign errors as to them, when, if considered with other portions, they are readily explained, and the charge in its entirety appears to be correct. Every instruction must be considered with reference to what precedes and follows it. In other words, it must be taken in its setting. As has so often been said, the court's charge is to be considered contextually and not disjointedly. *S. v. Lee,* 192 N. C., 225; *In re Hardee,* 187 N. C., 381; *Milling Co. v. Highway Commission,* 190 N. C., p. 697, and cases there cited.

By correct interpretation, we think the court, in the above instruction, meant to say, and, when read in the light of the whole charge, did say, that before the prisoner could be convicted of murder in the first degree, the burden was on the State to satisfy the jury beyond a reasonable doubt of every element necessary to constitute an unlawful killing with malice and with premeditation and deliberation, or a murder committed in the perpetration, or attempt to perpetrate, some other felony, such as arson, rape, or burglary. As thus understood, the instruction is in keeping with the language of the statute, C. S., 4200, and accords with the pertinent decisions on the subject. Hence, the prisoner has no valid ground for complaint, so far as this instruction is concerned. *S. v. Steele,* 190 N. C., 506; *S. v. Benson,* 183 N. C., 795.

The court also instructed the jury, to which exception is taken, that when a killing with a deadly weapon is admitted or established by the evidence, the law raises two presumptions against the slayer: first, that the killing was unlawful, and, second, that it was done with malice, and that an unlawful killing with malice is murder in the second degree. This instruction is free from error. *S. v. Benson, supra; S. v. Fowler,*

151 N. C., 732. An axe, when viciously used, as under the circumstances of this case, is certainly a deadly weapon, and the trial court was fully justified in so instructing the jury. *S. v. Smith,* 187 N. C., 469, and cases there cited.

The special instructions, relative to the prisoner's alleged intoxication, or voluntary drunkenness, were properly modified so as to conform to the law as declared in *S. v. Ross, ante,* 25; *S. v. Allen,* 186 N. C., 302; *S. v. English,* 164 N. C., 498, and *S. v. Murphy,* 157 N. C., 614. The court committed no error in this respect.

A careful scrutiny of the record convinces us that the prisoner has had a fair and impartial trial—one entirely free from reversible error or valid criticism.

The verdict and judgment must be upheld.

No error.