## STATE v. REDMOND WILSON.

(Filed 16 October, 1929.)

**Criminal Law B a—Defendant must prove defense of mental incapacity to commit crime to the satisfaction of the jury.**

Where the defense in the prosecution for a capital felony is mental disability resulting from hereditary weakness and augmented by a syphilitic infection, the burden is on the defendant to establish his defense to the satisfaction of the jury.

APPEAL by defendant from *Grady, J.,* at May Term, 1929, of PENDER.

Criminal prosecution tried upon an indictment charging the defendant with a capital felony.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*George R. Ward, R. D. Johnson, Best & Moore and McCullen & McCullen for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show that on 27 April, 1929, the prisoner, Redmond Wilson, a colored man, shot and killed Vess Wilson, his first cousin, under circumstances indicative of a mind fatally bent on mischief and a heart devoid of social

duties. The deceased was sitting in a chair, packing strawberries, under a pack shelter, in the edge of a field, when the prisoner, in broad open daylight, came within twenty-five yards, approaching from the rear, deliberately placed his gun to his shoulder, took aim, and without warning shot the deceased in the back inflicting a mortal wound. It is suggested that the prisoner held a grudge against the deceased because the latter had upbraided him about three weeks before for approaches to his granddaughter. It was further in evidence that on the same morning, about three hours prior thereto, the prisoner had shot and wounded John Henry Wilson, a son of the deceased.

The homicide is not denied. The defense interposed on behalf of the prisoner was that of mental debility, resulting from hereditary weakness augmented by a syphilitic infection, which, it is alleged, amounted in the aggregate to irresponsibility or insanity. The evidence tending to support this plea was properly submitted to the jury, but was found to be unsatisfactory. *S. v. Terry,* 173 N. C., 761, 92 S. E., 154.

It is now well settled, by a long line of decisions, that, in this jurisdiction, as well as in many others, in a criminal prosecution, when insanity is interposed as a defense, the burden is on the defendant, who sets it up, to prove such insanity, not beyond a reasonable doubt, but to the satisfaction of the jury. *S. v. Walker,* 193 N. C., 489, 137 S. E., 429; *S. v. Jones,* 191 N. C., 753, 133 S. E., 81, and cases there cited.

After perusing the record with that degree of care which the case merits, we have found no error committed on the trial. The verdict and judgment will be upheld.

No error.