## STATE v. JOE STAFFORD.

### (Filed 30 November, 1932.)

**1. Criminal Law B c—Burden of proving defense of insanity is on defendant.**

Where insanity is set up as a defense in a criminal prosecution the burden of proving the defense to the satisfaction of the jury is upon the defendant, and where upon the evidence the jury has rejected this plea or found it unsatisfactory the verdict will not be disturbed on appeal.

**2. Criminal Law I c—Held: trial court satisfactorily dealt with unusual circumstance during trial in his discretion.**

Where a witness kneels in prayer while approaching the witness stand, and the court immediately upon observing her orders her to arise and retire to her room if she so desired, whereupon the witness arises and takes the stand: *Held*, an exception thereto by the defendant will not be sustained, the defendant having made no motion for a new trial and not having asked the court to do more, and the court having acted in his discretion and having satisfactorily dealt with the circumstance.

**3. Criminal Law L d—Record must show organization of the court.**

Where the transcript fails to show the organization of the court or that the court was held by an authorized judge at a prescribed time and place the appeal will be dismissed, the matters being jurisdictional.

**4. Criminal Law L b—Affidavit required by C. S., 4651, is jurisdictional and may not be waived by solicitor.**

In order for a defendant to be entitled to appeal *in forma pauperis* he must file an affidavit that he is wholly unable to give security for costs, that he is advised by counsel that he has reasonable cause for the appeal, and that the application is made in good faith, and the affidavit is jurisdictional and may not be waived by the solicitor, and where the record does not contain the required affidavit, but contains only an order allowing the defendant to appeal *in forma pauperis* upon a finding from the defendant's petition that he is unable to pay the cost or to enter bond with sufficient sureties, it is insufficient to raise a presumption that the affidavit had been properly filed, and the appeal will be dismissed, in this case after an examination of the record, the defendant having been convicted of a capital offense.

APPEAL by prisoner from *Moore, Special Judge,* at August Term, 1932, of WAYNE.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of his wife, Dorothy Smith Stafford.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

STATE *v.* STAFFORD.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Walter G. Shepherd and John D. Langston for defendant.*

STACY, C. J. The evidence on behalf of the State tends to show that in the early afternoon of 4 April, 1932, the prisoner shot and killed his wife under circumstances indicative of a mind fatally bent on mischief and a heart devoid of social duties. The deceased left her sick bed, in her mother's home, bare-footed, dressed only in her night clothes, and fled for her life a distance of about 580 yards down the hill to a spring and there hid herself in a ditch. The prisoner in pursuit, discovering her here in hiding, commanded her to come out of the ditch, which she did, falling at his feet and pleading that her life be spared. While in this position, the prisoner shot the deceased three times and killed her. He then turned the pistol upon himself and fired the fourth and last bullet into his own head, inflicting a wound which proved less than fatal.

The homicide is not denied. The defense interposed on behalf of the prisoner was that of mental irresponsibility or insanity. The evidence tending to support this plea was submitted to the jury and rejected or found to be unsatisfactory. *S. v. Jones, ante,* 374; *S. v. Campbell,* 184 N. C., 765, 114 S. E., 927; *S. v. Terry,* 173 N. C., 761, 92 S. E., 154. In this jurisdiction, as well as in many others, when insanity is interposed as a defense in a criminal prosecution, the burden rests with the defendant, who sets it up, to prove such insanity, not beyond a reasonable doubt, but to the satisfaction of the jury. *S. v. Wilson,* 197 N. C., 547, 149 S. E., 845; *S. v. Walker,* 193 N. C., 489, 137 S. E., 429; *S. v. Jones,* 191 N. C., 753, 133 S. E., 81.

The prisoner complains that Mrs. Dora Smith, a witness for the State, of her own volition and without notice or warning, knelt in an attitude of prayer as she approached the witness stand. "As soon as this was observed, the court ordered the witness to arise and if she desired to retire to her room, opportunity was given her to do so." Immediately following this injunction, she arose and took the witness stand. The prisoner noted an exception.

The conduct of the witness was unusual, to say the least, but the court seems to have dealt with it in a manner satisfactory at the time. The prisoner did not move for a mistrial, nor did he request the court to do more. Indeed, the prisoner might have pleaded former jeopardy had a mistrial been ordered *ex mero motu. S. v. McKeithan, ante,* 494; *S. v. Ellis,* 200 N. C., 77; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. The situation was one calling for the exercise of the sound discre-

tion of the trial court. *S. v. Lea, ante,* 13. "The judge is not a mere moderator, and it would detract very much from the efficiency and economy of the administration of justice if he were hampered with arbitrary rules as to matters which have always been committed to his sound discretion." *S. v. Southerland,* 178 N. C., 676, 100 S. E., 187. The case of *S. v. Wilcox,* 131 N. C., 707, 42 S. E., 536, where a new trial was ordered for improper demonstration, cited and relied upon by the prisoner, is not in point. Furthermore, the testimony of this witness was inconsequential. She only identified the night gown which the deceased had on at the time of the shooting, and described the blood stains appearing thereon. The homicide had already been established by other witnesses.

The record contains a number of exceptions, all of which have been examined, and none discovered of sufficient merit to warrant a new trial, but for jurisdictional reasons, the appeal must be dismissed. *S. v. Golden, ante,* 440.

First, the transcript fails to show the organization of the court (*S. v. May,* 118 N. C., 1204, 24 S. E., 118), or that the "court was held by judge authorized to hold it, and at the time and place prescribed by law." *S. v. Butts,* 91 N. C., 524.

In *Spence v. Tapscott,* 92 N. C., 576, it was held (as stated in first head-note): "In order for the Supreme Court to acquire jurisdiction, it must appear in the transcript of the record that an action was instituted, that proceedings were had and a judgment rendered from which an appeal could be taken, and that an appeal was taken from such judgment."

To like effect are the decisions in *S. v. Preston,* 104 N. C., 733, 10 S. E., 841, *S. v. Farrar,* 103 N. C., 411, 9 S. E., 449, *S. v. Johnston,* 93 N. C., 559, *S. v. McDowell,* 93 N. C., 541, *Jones v. Hoggard,* 107 N. C., 349, 12 S. E., 286. See, also, *Walton v. McKesson,* 101 N. C., 428, on the point that entry of appeal must appear on the record.

Second, the attempted appeal is *in forma pauperis,* and the order allowing the prisoner to appeal without giving security for costs, while "finding from the petition filed herein on behalf of the defendant that he is unable to pay the costs of appeal or to enter into a bond with sufficient sureties for the payment of such costs," was apparently made without supporting affidavit as required by C. S., 4651. In response to request for such record, the clerk of the Superior Court of Wayne County reports: "I do not find affidavit of the defendant or certificate of his counsel in the papers." It was said in *S. v. Moore,* 93 N. C., 500, that the court has no authority to grant an appeal "without security for

STATE *v.* STAFFORD.

costs" in the absence of the required affidavit, nor can the sufficiency of such affidavit be waived by the solicitor.

It was suggested in this same case, *S. v. Moore, supra,* and repeated in *S. v. Jackson,* 112 N. C., 849, 16 S. E., 906, that if the recital had been simply "the defendant is permitted to appeal *in forma pauperis* upon affidavit filed," perhaps a presumption would arise as to the sufficiency of the affidavit on the principle of *omnia rite acta praesumuntur,* but where the insufficiency of the affidavit, or the lack of it, as here, is made to appear, no presumption of regularity or sufficiency can arise (*S. v. Jones,* 93 N. C., 617), and the appeal will be dismissed, not as a matter of discretion, but because it was improvidently granted. *S. v. Marion,* 200 N. C., 715, 158 S. E., 406; *S. v. Brumfield,* 198 N. C., 613, 152 S. E., 926; *S. v. Smith,* 152 N. C., 842, 67 S. E., 965; *S. v. Atkinson,* 141 N. C., 734, 53 S. E., 228; *S. v. Wylde,* 110 N. C., 500, 15 S. E., 5; *S. v. Duncan,* 107 N. C., 818, 12 S. E., 382; *S. v. Morgan,* 77 N. C., 510; *S. v. Payne,* 93 N. C., 612.

Speaking to the subject in *S. v. Divine,* 69 N. C., 390, *Settle, J.,* delivering the opinion of the Court, said: "The insolvency of the party is not alone sufficient to entitle him to the benefits of this act; it must also appear by the affidavit, which must be filed before the judge can grant the appeal, that the defendant is advised by counsel that he has reasonable cause for the appeal prayed for, and that the application is in good faith. Both of these essential requisites are wanting in the record before us. We think that the affidavit should set forth the name of the counsel who advises that there is reasonable cause of the appeal. Otherwise it would be in the power of a defendant to commit a fraud upon the court, for it does not follow that the counsel upon whom he relies is an attorney of the court or anyone learned in the law. This construction is reasonable and can work no hardship upon insolvent defendants whose cases have merits."

Again, in *S. v. Parish,* 151 N. C., 659, in a *per curiam* opinion, the Court said: "Unless the requirements of the statute, both as to time and manner, are complied with, the appeal is not in this Court. The defect is jurisdictional, and we have no power to allow amendments, and the appellee has a right to have the appeal dismissed. *S. v. Bramble,* 121 N. C., 603; *S. v. Gatewood,* 125 N. C., 695, and numerous cases there cited."

It is not the policy of our law to deny to any litigant his right of appeal, but inasmuch as he has no new trial in the Supreme Court, but only questions of law are to be determined, when a defendant in a criminal prosecution is unable to give security for costs, he is reasonably required to make affidavit (1) that he is wholly unable to give security

for the costs, (2) that he is advised by counsel he has reasonable cause for the appeal prayed, and (3) that the application is in good faith. *S. v. Marion, supra; S. v. Moore, supra; S. v. Martin,* 172 N. C., 977, 90 S. E., 502. The requirements of the statute are mandatory and not directory. *Hanna v. Timberlake, ante,* 557; *McIntire v. McIntire, post,* 631. If the General Assembly had contemplated an appeal merely for the purpose of delay, such trouble and expense might have been obviated simply by providing that no person convicted in a criminal prosecution should be punished until some fixed time after conviction, *e. g.,* six months. *S. v. Morgan,* 77 N. C., 510.

The seriousness of the offense in the instant case has caused us to examine the record, upon which we find no error. Judgment

Affirmed. Appeal dismissed.