STATE v. ATKINSON.

(Filed February 27, 1906).

*Assault—Pointing Pistol—Pauper Appeals in Criminal Cases—Sufficiency of Affidavit.*

1. In an indictment for assault with a deadly weapon an instruction that if the State "had satisfied the jury beyond a reasonable doubt that the defendant pointed a pistol at the prosecutor, whether loaded or not, this would be an assault," and to find the defendant guilty was correct under the provisions of Revisal, section 3622.

2. An instruction that if the jury were satisfied beyond a reasonable doubt that the defendant had a pistol in his coat pocket and "with pistol and hand on the inside of his pocket, he pointed the pistol at the prosecutor, this would be an assault," is not error.

3. Under Revisal, section 3278, the affidavit to appeal in criminal cases, without giving bond, is fatally defective where it omits the averment that it is "made in good faith" and such an appeal must be dismissed as a matter of right.

INDICTMENT against Dennis Atkinson for assault with a deadly weapon, heard by *Judge E. B. Jones* and a jury, at the September Term, 1905, of the Superior Court of PITT. From a verdict of guilty and a judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

CLARK, C. J. Indictment for assault with a deadly weapon, to-wit, a pistol. The court charged the jury that if the State had "satisfied them beyond a reasonable doubt that the defendant pointed a pistol at the prosecutor, whether loaded or not, this would be an assault" and to find the

defendant guilty. Laws 1889, chap. 527 (now Revisal, sec. 3622), expressly so provides whether the unloaded pistol is pointed at another in fun or otherwise, and it is unnecessary to consider whether this would be so independent of the statute.

The court further charged the jury that if they were satisfied beyond a reasonable doubt that the defendant had a pistol in his coat pocket and "with pistol and hand on the inside of his pocket, he pointed the pistol at the prosecutor, this would be an assault, and they should find the defendant guilty." This was not error. Firing a pistol concealed in the pocket of a coat, through the cloth, without the risk of first taking it out of his pocket, is a most cowardly and unfair advantage, and such user should be punished more severely than the use of the weapon openly when the other party would have some warning. Pointing the pistol at the prosecutor in this manner was an assault.

We pass upon these exceptions, though we dismiss the appeal because the affidavit to appeal, without giving bond, is fatally defective, in that it omits the averment that it is "made in good faith." This is required as to such appeals in criminal cases (Revisal, sec. 3278), though this is not required as to appeals *in forma pauperis* in civil actions. Revisal, sec. 597. Such dismissal is a matter of right and does not rest in the discretion of the court. An appeal without bond is valid only when the statutory requirements are complied with. *State v. Bramble,* 121 N. C., 603, and numerous cases there cited.

Appeal Dismissed.