Error.

---

R. D. HONEYCUTT v. J. E. WATKINS et als.

(Filed 13 October, 1909.)

**Appeal and Error—Forma Pauperis—Defective Affidavit—Jurisdictional—Dismissal of Appeal.**

The affidavit for an appeal in *forma pauperis* is defective which does not aver "that the appellant is advised by counsel learned in the law that there is error in matter of law," etc., Revisal, sec. 597; and the compliance with the provisions of this section being jurisdictional, the appellee can have the appeal dismissed as a matter of right upon the failure of appellant to comply therewith.

APPEAL by defendant from *Lyon, J.,* April Term, 1909, of WAKE.

*B. C. Beckwith* for plaintiff.
*W. J. Peele* for defendants.

STATE *v.* ARTHUR.

PER CURIAM: The motion to dismiss must be allowed. The appeal is *in forma pauperis,* and the affidavit is fatally defective, in that it does not contain the averment required by the first proviso in Revisal, sec. 597, that the appellant "is advised by counsel learned in the law that there is error, in matter of law, in the decision of the Superior Court."

Giving bond on appeal, or the granting leave to appeal without bond, are jurisdictional, and, unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket. It has been always held that if the affidavit to procure an appeal *in forma pauperis* is defective, it is not a matter of discretion with the court, but the appellee can have the appeal dismissed as a matter of right. *State v. Atkinson,* 141 N. C., 734; *State v. Payne,* 93 N. C., 612; *State v. Harris,* 114 N. C., 831; *State v. Bramble,* 121 N. C., 603; *State v. Gatewood,* 125 N. C., 695, and numerous cases cited in the last two cases.

Appeal dismissed.