### STATE v. JOHN MARTIN.

(Filed 15 November, 1916.)

**1. Appeal and Error—In Forma Pauperis—"Good Faith"—Statutes.**

The requirement of Revisal, sec. 3278, that to appeal in *forma pauperis* in criminal cases it must appear that "the application is in good faith," is jurisdictional, and upon a failure of compliance therewith the application is fatally defective and the appeal will be dismissed.

**2. Same—Motion to Reinstate—Offer to Give Bond.**

After an appeal in *forma pauperis* has been dismissed in the Supreme Court for failure to show that the application was made in good faith, Revisal, sec. 3278, it is too late for the appellant to offer to file bond or make a deposit on his motion to reinstate.

MOTION to reinstate appeal.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*John P. Cameron for defendant.*

CLARK, C. J. This appeal was taken in *forma pauperis* from *Cline, J.* On motion of the State, the appeal was dismissed because the affidavit for leave to appeal without giving bond did not state, as required by Revisal 3278, that "the application is in good faith." It has been repeatedly held that an order permitting such appeal in a criminal case is fatally defective if the affidavit does not comply with the statute, because the requirement is jurisdictional, and unless the affidavit is sufficient the appeal must be dismissed as a "matter of right, and not of discretion." *S. v. Bramble,* 121 N. C., 603, citing very numerous cases; *S. v. Atkinson,* 141 N. C., 735, and numerous cases since down to *S. v. DeVane,* 166 N. C., 283, besides other cases which have been dismissed in observance of the statute, and in accordance with the uniform precedents, by *per curiam* order.

The defendant now moves to reinstate, offering to file bond, or make a deposit. This would seem to be in direct denial of his affidavit, filed

62—172

in this cause, that he could not do either. But independently of that, he should have made this offer when the motion to dismiss was before the Court. It is too late for him to do this after the case has been regularly dismissed under the statute. As was said in *Hamlin v. Tucker,* 72 N. C., 503, we are not called on "to make two bites at a cherry."

There is a very old maxim, *"Leges subveniunt vigilantibus, non dormientibus,"* which means, in plain English, that if a man has a case in court "the best thing he can do is to attend to it." *Pepper v. Clegg,* 132 N. C., 316. The defendant did not do what the statute required in order to give this Court jurisdiction of the appeal, nor when the motion was made to dismiss on that account did he then offer to comply with the statute. He cannot now expect that the Court will go back and take up a case which has already been dismissed in compliance with the statute.

Motion denied.