STATE v. TOM MARION.

(Filed 6 May, 1931.)

1. **Criminal Law L b—Statutory requirements for affidavit for appeal in forma pauperis must be strictly complied with.**

   In order that the Supreme Court may have jurisdiction of an appeal *in forma pauperis* in a criminal action it is required that the application for leave to appeal be supported by an affidavit of the appellant showing that he is wholly unable to give the security required by C. S., 4650; that he is advised by counsel that he has reasonable cause for appeal, and that the application is made in good faith, and where any of these three statutory requirements have not been complied with the appeal will be dismissed. C. S., 4651.

2. **Same—In this case defect in affidavit was cured and Supreme Court acquired jurisdiction.**

   Where it appears from the record on appeal in a criminal case that the affidavit of the appellant supporting his application to the trial judge for leave to appeal *in forma pauperis* failed to allege that the application was made in good faith, but it is made to appear that the defect has been cured by amendment, the Supreme Court acquires jurisdiction to hear and determine the appeal.

3. **Criminal Law I j—Upon motion as of nonsuit the evidence is to be considered in the light most favorable to the State.**

   Upon motion as of nonsuit in a criminal action the evidence is to be considered in the light most favorable to the State, and if there is any

evidence tending to prove the fact of guilt or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not such as merely raises a suspicion or conjecture of guilt, it is for the jury to say whether they are convinced beyond a reasonable doubt of the fact of guilt. C. S., 4643.

**4. Homicide G a—Evidence of defendant's guilt of murder held sufficient to be submitted to the jury.**

While evidence of motive and an opportunity alone may not be sufficient to convict the defendant on trial for a homicide, the question of his guilt should be submitted to the jury where motive and opportunity are shown and his own testimony and declarations are contradictory of the natural evidence appearing at the time and place of the crime, and reasonably bears out the inference that he was endeavoring to fix the crime on some one else, not identified, in order to exculpate himself, and that he was the only person present at the time of its commission.

APPEAL by defendant from *Sink, Special Judge,* at November Term, 1930, of DAVIDSON. No error.

This is a criminal action in which the defendant was tried on an indictment for the murder of his wife, Susie Marion. There was a verdict that defendant is guilty of murder in the second degree.

From judgment that defendant be confined in the State's prison for a term of not less than twenty nor more than thirty years, he appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*L. B. Williams and Gaston A. Johnson for the defendant.*

CONNOR, J. The defendant in this action, having been convicted of a criminal offense in the Superior Court of Davidson County, appealed from the judgment of said court, without giving adequate security to abide by the sentence, judgment or decree of this Court, as required by statute, C. S., 4650. He relied upon an order made by the trial judge allowing him to appeal without giving such security, C. S., 4652. This order was made on the application of the defendant to the trial judge. C. S., 4651. The affidavit appearing in the record in support of the application, is, however, fatally defective, for that it does not appear therein that the application was made in good faith. It has been uniformly held by this Court, in an unbroken line of authoritative decisions, that when the defendant in a criminal action has been convicted in the Superior Court, and has appealed from the judgment of said court to this Court, without giving security as required by C. S., 4650, strict compliance with all the requirements of C. S., 4651, is essential; otherwise, this Court acquires no jurisdiction of the appeal. The affidavit filed by the defendant in support of his application for an

order permitting him to appeal without giving security must show (1) that the defendant is wholly unable to give security for costs; (2) that he is advised by counsel that he has reasonable cause for the appeal; and (3) that the application is in good faith. These are the requirements of the statute, and must be complied with. *S. v. Moore,* 93 N. C., 500. In *S. v. Martin,* 172 N. C., 977, 90 S. E., 502, it is said: "It has been repeatedly held that an order permitting such appeal in a criminal case is fatally defective if the affidavit does not comply with the statute, because the requirement is jurisdictional and unless the affidavit is sufficient, the appeal must be dismissed as a matter of right and not of discretion. See *S. v. Brumfield,* 198 N. C., 613, 152 S. E., 926; *S. v. Martin,* 172 N. C., 977, 90 S. E., 502; *S. v. Smith,* 152 N. C., 842, 67 S. E., 965; *S. v. Atkinson,* 141 N. C., 734, 53 S. E., 228; *S. v. Bramble,* 121 N. C., 603, 28 S. E., 269. In *S. v. Duncan,* 107 N. C., 818, 12 S. E., 382, it is said that in such cases, where the affidavit is not sufficient, it is the right of the State to have the appeal dismissed.

When the motion of the State in the instant case that the appeal be dismissed for that it does not appear in the affidavit in the record that the application for leave to appeal in *forma pauperis* was made in good faith, was called for hearing in this Court, the defendant moved for leave to file a certificate of the clerk of the Superior Court that the affidavit had been amended, curing the defect. This motion was not resisted by the Attorney-General, and was allowed by the Court. A certificate signed by the clerk of the Superior Court of Davidson County, showing that the affidavit had been amended, and as amended fully complies with the requirements of the statute, has been filed in this Court. For this reason, the motion of the State is denied. The defect in the record having been cured, this Court now has jurisdiction of the appeal.

The sole question presented for decision by defendant's appeal is whether there was error of law in the refusal of the trial court to allow his motion made at the conclusion of all the evidence that the action be dismissed as of nonsuit, for that the evidence introduced at the trial was not sufficient to sustain a verdict that the defendant is guilty as charged in the indictment. C. S., 4643. The motion was first made when the State had produced its evidence and rested its case. It was then denied, and defendant excepted. The defendant introduced his evidence as allowed by the statute and at the conclusion of all the evidence renewed his motion. It was again denied, and defendant excepted. This latter exception, on which the only assignment of error relied on by defendant in this Court, is based, requires a consideration of the entire evidence in order to determine whether or not there was error in the trial as contended by defendant on his appeal to this Court. *S. v. Earp,* 196

N. C., 164, 145 S. E., 23; *S. v. Pasour,* 183 N. C., 793, 111 S. E., 779; *S. v. Brinkley,* 183 N. C., 720, 110 S. E., 783.

The practice firmly established in this jurisdiction, and the rule uniformly applied by this Court, in considering and deciding the question presented by this appeal, have been recently restated by *Stacy, C. J.,* in *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. It is there said: "The practice is now so firmly established as to admit of no questioning, that, on a motion to nonsuit, the evidence is to be considered in its most favorable light for the prosecution. *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669. And further, the general rule is, that, if there is any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury; otherwise, not, for short of this, the judge should direct a nonsuit, or an acquittal in a criminal prosecution. *S. v. Vinson,* 63 N. C., 335. But if the evidence warrant a reasonable inference of the fact in issue, it is for the jury to say whether they are convinced beyond a reasonable doubt of such fact, the fact of guilt. *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895; *S. v. Blackwelder,* 182 N. C., 899, 109 S. E., 644."

The evidence introduced at the trial of this action fully supports the contentions of the State that the deceased, Susie Marion, wife of the defendant, was killed and murdered, as charged in the indictment, some time between about 6:30 and 7:30 p.m., on 4 October, 1930; that the defendant, her husband, was with her at the time of the murder; that the murder was committed while the deceased was in defendant's automobile, in which she had left their home with the defendant; and that her life was insured for the benefit of the defendant in the sum of $1,000, or in the event her death was the result of an accident, in the sum of $2,000. This evidence, which was not contradicted in any respect, was sufficient to show that the defendant had an opportunity to commit the murder. That he had a motive to do so, was a reasonable inference from the fact that her life was insured for his benefit. This evidence alone might not have been sufficient to justify an inference that the defendant murdered his wife, but there was further evidence to the effect that within a short time after the murder, not to exceed an hour, the defendant made statements to witnesses for both the State and the defendant, tending to show that his wife was shot and killed by a negro man, who came up to the automobile, while it was standing on the road between the city of High Point and the town of Thomasville, and after robbing the defendant, shot and killed his wife, while she was in the automobile. The defendant so testified at the trial, as a witness in his own behalf. In these statements and also in his testimony, the defendant described with great particularity the scene of the murder, and the con-

duct of the negro, who, he said, shot and killed his wife. If these statements and this testimony were true, they would have been necessarily corroborated by certain physical facts which would have been readily apparent when the witnesses for the State, in the company of the defendant, visited the alleged scene of the murder within less than two hours after the defendant returned to his home with the dead body of his wife in the automobile beside him. The uncontradicted evidence shows that none of these facts were discovered after a diligent search by the witnesses under the immediate personal direction of the defendant. The statements made by the defendant to the witnesses and his testimony as a witness at the trial were contradicted in material matters by the evidence as to the location of the fatal wound on the body of the deceased, and also by the location of the bullet in the back of the seat of the automobile.

This in addition to the evidence showing that defendant had the opportunity and a motive to commit the murder, there was evidence tending to show that his statements to the witnesses, and his testimony at the trial, were false. A reasonable inference could be drawn by the jury that defendant had made the false statements and had given the false testimony for the purpose of exculpating himself. If the defendant's contention that his wife was shot and killed by a negro was not sustained by the evidence, then there was no evidence tending to show that any person except the defendant was with his wife, when she was shot and killed. There was evidence tending to show that the deceased was murdered at a place and under circumstances different from those which the defendant's statements and testimony tended to show.

The evidence was sufficient to establish facts from which an inference could be reasonably drawn by the jury that the defendant shot and killed his wife. The evidence was therefore properly submitted to the jury, and there was no error of law in the refusal of the court to allow the motion of the defendant that the action be dismissed as of nonsuit. The judgment is affirmed.

No error.