NORA McINTIRE v. J. J. McINTIRE and Z. V. McINTIRE.

(Filed 30 November, 1932.)

**Appeal and Error F g—Statutory affidavit is mandatory in order for defendant to be allowed to appeal in forma pauperis.**

> Where the defendant does not file the bond required by C. S., 646, it is required that he strictly follow the requirements of C. S., 649, in order to be allowed to appeal *in forma pauperis,* and where no affidavit as required by the statute appears in the record and no order therein appears reciting that the affidavit had been filed, the appeal must be dismissed, the requirements of the statute being mandatory and jurisdictional.

APPEAL by plaintiff from *Schenck, J.,* at February Special Term, 1932, of MECKLENBURG. Appeal dismissed.

This is an action to recover on a bond executed by the defendants, and payable to the State of North Carolina. The plaintiff is the beneficiary named in the bond. No summons was served on the defendant, J. J. McIntire, who is a nonresident of this State.

The issue submitted to the jury was answered as follows:

"What amount, if any, is the plaintiff entitled to recover of the defendant, Z. V. McIntire? Answer: Nothing."

From judgment that plaintiff recover nothing of the defendant and that defendant recover of the plaintiff his costs, the plaintiff appealed to the Supreme Court, assigning errors at the trial.

*Geo. W. Wilson for plaintiff.*
*J. Laurence Jones for defendant.*

PER CURIAM. At the trial of this action the plaintiff gave notice in open court of her appeal from the judgment of the Superior Court to the Supreme Court. An appeal bond in the sum of $50.00 was adjudged sufficient by the judge. No application was made by the plaintiff to the judge, during the term or within five days after the adjournment of the court, for an order allowing her to appeal without filing the undertaking required by statute. C. S., 646. After the adjournment of the court, and within ten days thereafter, the assistant clerk of the Superior Court made an order which appears in the record. This order is in words as follows:

"In the above entitled case, the plaintiff is allowed to maintain her appeal *in forma pauperis,* without giving bond for costs as required by the court in the entries of appeal."

No affidavits as required by C. S., 649, appear in the record. In the absence of such affidavits, or at least of recitals in the order showing that the affidavits were duly filed, and the requisite facts found therefrom, the order, even if otherwise sufficient, was not sufficient to allow the plaintiff to appeal to this Court, without complying with the order of the judge. *S. v. Harris,* 114 N. C., 830, 19 S. E., 154.

Where a party to a civil action which has been tried in the Superior Court, desires to appeal from a judgment rendered at such trial to this Court, without giving security as required by C. S., 646, he must comply strictly with the provisions of C. S., 649, which are mandatory. Otherwise this Court is without jurisdiction of the appeal, and of its own motion must dismiss the appeal. In the instant case the appeal is dismissed, for the reason that the appellant has not filed the bond required by the judge, or procured a valid order allowing her to appeal without bond.

Appeal dismissed.