EDWARD POWELL, ADMINISTRATOR, v. WM. R. MOORE.

(Filed 17 May, 1933.)

**Appeal and Error F g—Clerk must pass upon application for appeal in forma pauperis within ten days from expiration of the term.**

> The affidavit required for appeals *in forma pauperis* in civil cases must be filed during the term or within five days thereafter, and the application must be passed upon by the clerk within ten days from the expiration of the term, C. S., 649, and an order allowing an appeal *in forma pauperis* entered by the clerk after the expiration of the statutory time is beyond the clerk's authority and the Supreme Court is without jurisdiction to entertain the appeal and it will be dismissed, the provisions of the statute being mandatory and not directory. The statutory requirements for appeals *in forma pauperis* in civil and criminal cases discussed by STACY, C. J.

APPEAL by plaintiff from *Stack, J.,* at November Term, 1932, of ROCKINGHAM.

Civil action for wrongful death in which the issue of negligence was answered in favor of the defendant. Judgment signed 3 December, 1932, the last day of the term. Notice of appeal given in open court. Time allowed for preparing statement of case on appeal. Appeal bond fixed at $100.

Fifty-nine days thereafter, 1 February, 1933, the clerk of the Superior Court, upon affidavit of insolvency and certificate of counsel, entered an order allowing the plaintiff to appeal *in forma pauperis.*

Motion by appellee to dismiss appeal.

*Wm. R. Dalton for plaintiff.*
*Glidewell & Gwyn for defendant.*

STACY, C. J. The Court is without jurisdiction to entertain the appeal, and the same will be dismissed on authority of *McIntire v. McIntire,* 203 N. C., 631, *Hanna v. Timberlake, ibid.,* 556, and *S. v. Stafford, ibid.,* 601.

It is provided by C. S., 649, *inter alia,* the provisions of which are mandatory and not directory, that an appeal *in forma pauperis* "when passed upon and granted by the clerk shall be within ten days from the expiration by law of said term of court." The clerk, therefore, was without authority to enter the order, allowing the plaintiff to appeal *in forma pauperis,* fifty-nine days after the adjournment of the term.

It is not the policy of our law to deny to any litigant his right of appeal, but inasmuch as only questions of law are to be determined in the Supreme Court, when the party cast in a civil action is unable to make the deposit or give the security required by law for his appeal, he is reasonably required (1) to make affidavit, within five days, that he is unable by reason of his poverty to give the security required by law, and (2) that he is advised by counsel learned in the law there is error in matter of law in the decision of the Superior Court—which affidavit (3) must be accompanied by a written statement from a practicing attorney of said Superior Court that he has examined the affiant's case, and is of opinion that the decision of the Superior Court in said action is contrary to law, and (4) the appeal, when passed upon and granted by the clerk, shall be within ten days from the expiration by law of said term of court.

The statutory requirements for prosecuting an appeal without making deposit or giving security for costs in a criminal prosecution, C. S., 4651 and 4652, are different from those in a civil action, C. S., 649, as was pointed out in *S. v. Stafford, supra,* and *S. v. Marion,* 200 N. C., 715,

158 S. E., 406. The requirements of both statutes, however, are juris-dictional, and unless complied with in all respects, the appeal is not properly in this Court. *S. v. Smith,* 152 N. C., 842, 67 S. E., 965; *S. v. Parish,* 151 N. C., 659, 65 S. E., 762.

In a civil action the affidavit required by C. S., 649 must be made during the term or within five days thereafter, and the appeal, if granted by the clerk, is to be passed upon within ten days from the expiration of the term, the difference in time between the filing of the affidavit and the order of the clerk being allowed for investigation or opportunity of objection by the opposing side; while in a criminal prosecution, the affidavit required by C. S., 4651 is to be filed at any time during the term or within ten days from the adjournment thereof. C. S., 4652. It is also required in criminal cases, but not in civil actions, that the affidavit contain the averment "the application is in good faith." *S. v. Martin,* 172 N. C., 977, 90 S. E., 502.

We have had occasion recently to point out the necessity of observing and adhering to the provisions of the statutes, when appealing *in forma pauperis,* as will appear from the following cases: *McIntire v. McIntire, supra* (dismissed for failure to procure valid order allowing appeal *in forma pauperis*); *S. v. Stafford, supra* (dismissed for failure to file supporting affidavit and certificate of counsel as required by C. S., 4651); *Hanna v. Timberlake, supra* (dismissed for failure to aver in affidavit that affiant "is advised by counsel learned in the law that there is error of law in the decision of the Superior Court in said action"); *Hoover v. Indemnity Co.,* 203 N. C., 557 (dismissed for failure to file proper and adequate supporting affidavit); *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358 (dismissed because of defective affidavit and for failure to send up necessary parts of record proper); *S. v. Golden,* 203 N. C., 440 (dismissed for failure to send up necessary parts of record proper); *Armstrong v. Service Stores,* 203 N. C., 231, 165 S. E., 680 (dismissed for failure to send up necessary parts of record proper); *Parks v. Seagraves,* 203 N. C., 647 (dismissed for failure to send up necessary parts of record proper); *S. v. Rector,* 203 N. C., 9 (dismissed for failure to comply with rules governing appeals). All of these cases appear in the 203rd Report. In addition, a number of others have been dismissed simply upon motion without written opinion, following the suggestion made in *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. The matter being jurisdictional, the appeal is not properly before us.

Appeal dismissed.