DOROTHY RICKMAN BROWN, by HER NEXT FRIEND, GEORGE C. BROWN, v. S. H. KRESS & COMPANY AND B. A. MARSHALL.

(Filed 28 January, 1935.)

**Appeal and Error C e—Requisites of appeals in forma pauperis.**

In pauper appeals it is required that appellant file the statutory affidavit in order to confer jurisdiction on the Supreme Court, C. S., 649, and a provision in the judgment allowing plaintiff to appeal *in forma pauperis* does not relieve plaintiff of the necessity of filing the jurisdictional affidavit or the twenty-five printed or mimeographed copies of her brief required by the Rules.

APPEAL from *Alley, J.,* at September Term, 1934, of GUILFORD. Appeal dismissed.

This action was instituted by the plaintiff in the municipal court of the city of High Point against the corporate defendant and its employee to recover damages in the sum of twenty thousand dollars, alleged to have been caused by defamation of her character and false imprisonment of her person. The corporate defendant duly filed a petition for. removal of the cause from the State Court to the Federal Court, grounded upon diversity of citizenship and fraudulent joinder of parties defendant. The clerk and the judge, respectively, of the court of first instance denied the petition, which in due course upon appeal was

heard in the Superior Court, where the petition was granted, and the case ordered removed to the Federal Court. To the order of removal the plaintiff excepted and appealed to the Supreme Court, assigning errors.

*York & York for plaintiff appellant.*
*Dalton & Pickens and Byron Hayworth for appellees.*

PER CURIAM. The appellant failed to file any appeal bond, and also failed to file twenty-five printed or mimeographed copies of her brief, · but did file seven typewritten copies thereof.

While the judgment appealed from contains the following: "It further appearing to the court that the plaintiff is without property or other means of giving security for costs on appeal, . . . it is further ordered that the plaintiff be and she is hereby allowed to appeal *in forma pauperis,*" it appears that appellant failed to "make affidavit that he (she) is unable by reason of his (her) poverty to give the security required by law, and that he (she) is advised by counsel learned in the law that there is error in matter of law in the decision of the Superior Court in said action," as required by C. S., 649, for appeals *in forma pauperis.* The requirements of the statute being jurisdictional, the appellant was not relieved by the provision in the judgment of the court from filing the undertaking made necessary by C. S., 646, to render an appeal effectual, or from filing the twenty-five printed or mimeographed copies of her brief required by Rule 22 of this Court. "Giving bond on appeal, or the granting leave to appeal without bond, are jurisdictional, and, unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket." *Honeycutt v. Watkins,* 151 N. C., 652. In *Waller v. Dudley,* 193 N. C., 354, we found it necessary to say: "We again call the attention of the profession to the fact that the rules governing appeals are mandatory and not directory. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly."

However, a perusal of the record filed here leaves with us the impression that this case is governed by *Rea v. Mirror Co.,* 158 N. C., 24, and that his Honor was correct in holding, upon the defendant's petition, that it should be removed to the Federal Court, where, of course, the plaintiff would have the right to traverse the petition upon a motion to remand.

Appeal dismissed.