DOLLIE C. LUPTON, ADMINISTRATRIX, v. M. S. HAWKINS ET AL.

(Filed 4 November, 1936.)

**Appeal and Error C e—Affidavit of party appealing in forma pauperis must aver that counsel have advised that there is error in law in judgment.**

The requirements of the statute regulating appeals *in forma pauperis* are mandatory and jurisdictional, C. S., 649, and where the affidavit fails to aver, as required by the statute, that appellant is advised by counsel learned in the law that there is error in matter of law in the decision of the lower court, the appeal must be dismissed, nor is there authority for granting an appeal upon such affidavit.

APPEAL by plaintiff from *Spears, J.,* at March Term, 1936, of CARTERET.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendants.

Plaintiff's intestate was killed in a crossing accident which occurred in Morehead City on the afternoon of 13 April, 1935.

At the close of plaintiff's evidence, the court being of opinion that plaintiff's intestate was contributorily negligent on plaintiff's own showing, sustained the demurrer to the evidence and dismissed the action as in case of nonsuit.

Plaintiff gave notice of appeal in open court, and was allowed to appeal *in forma pauperis* upon certificate of counsel and affidavit that she "is unable, by reason of her poverty, to make the deposit or to give the security required by law for said appeal."

*Ward & Ward for plaintiff, appellant.*
*Moore & Moore for defendants, appellees.*

STACY, C. J. The Court is without jurisdiction to entertain the appeal, due to the defective affidavit upon which plaintiff was allowed to appeal *in forma pauperis,* and the same is dismissed on authority of *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Hanna v. Timberlake,* 203 N. C., 556, 166 S. E., 733; and *Honeycutt v. Watkins,* 151 N. C., 652, 65 S. E., 762.

The plaintiff does not aver in her affidavit, as required by C. S., 649, that she "is advised by counsel learned in the law that there is error in matter of law in the decision of the Superior Court in said action." The requirements of the statute are mandatory, *McIntire v. McIntire,* 203 N. C,. 631, 166 S. E., 732, and jurisdictional, *Powell v. Moore,* 204 N. C., 654, 169 S. E., 281, "and unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket." *Honeycutt v. Watkins, supra.*

There is no authority for granting an appeal *in forma pauperis* without proper, supporting affidavit. *Powell v. Moore, supra; S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

Appeal dismissed.