STATE v. FRED HOLLAND AND HOWARD MOSES.

(Filed 24 February, 1937.)

**1. Criminal Law § 8—**

When two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty.

**2. Criminal Law §§ 71, 80—Failure of affidavit to aver that it is in good faith is fatal defect not curable by amendment after statutory time.**

Where an affidavit for appeal *in forma pauperis* fails to aver that it is in good faith, it is fatally defective and is insufficient to support an order granting the appeal or to confer jurisdiction on the Supreme Court, the requirements of the statute, C. S., 4651, being mandatory and jurisdictional, and not directory, nor may the defect be cured by amendment after expiration of the ten-day period.

STATE *v.* HOLLAND.

APPEAL by defendant Howard Moses from *Harding, J.,* at October Term, 1936, of JACKSON.

Criminal prosecution, tried upon indictment charging the defendant, and another, with the murder of one Alvin Middleton.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in State's Prison for a term of ten years.

Defendant appeals.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*M. V. Higdon for defendant.*

STACY, C. J. The record discloses that on 5 August, 1936, the deceased was shot and killed by Fred Holland with a gun which belonged to the defendant Moses. The evidence as against the defendant Moses, who alone appeals, is sufficient to convict him as an aider and abettor in the commission of the crime. There was also a count in the bill charging him with being an accessory before the fact. C. S., 4175. Holland admitted the killing, was sentenced to fifteen years in the State's Prison, and has not appealed.

It is well established that when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Triplett, ante,* 105; *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Jarrell,* 141 N. C., 722, 53 S. E., 127.

While we have examined the record and find no error appearing thereon, the defective affidavit upon which the defendant was allowed to appeal *in forma pauperis* necessitates its dismissal. *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734. The defendant does not aver in his affidavit, as required by C. S., 4651, that "the application is in good faith." *S. v. Smith,* 152 N. C., 842, 67 S. E., 965. The requirements of the statute are mandatory, *S. v. Marion,* 200 N. C., 715, 158 S. E., 406, and jurisdictional, *S. v. Parish,* 151 N. C., 659, 65 S. E., 762, "and unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket." *Honeycutt v. Watkins,* 151 N. C., 652, 65 S. E., 762.

We have held that there is no authority for granting an appeal *in forma pauperis,* without proper supporting affidavit, in either a criminal prosecution, *S. v. Moore,* 93 N. C., 500, or a civil action. *Lupton v. Hawkins,* 210 N. C., 658; *Powell v. Moore,* 204 N. C., 654, 169 S. E., 281; *S. v. Keebler,* 145 N. C., 560, 59 S. E., 872.

It appears that the defendant undertook to cure the defect by amending his affidavit on 8 January, 1937. This was too late, *Berwer v. Ins. Co.,* 210 N. C., 814, and the amendment was of no avail. *S. v. Parish,*

*supra; Powell v. Moore, supra.* One is permitted to appeal *in forma pauperis* only by complying with the mandatory and jurisdictional requirements of the statute, which are not subject to indulgences or waiver. *S. v. Moore, supra; S. v. Parish, supra; Berwer v. Ins. Co., supra.* Nor is this a harsh rule. It simply means that one who would avail himself of the benefits of the statute must comply with its terms. That is all. See *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.