NATHAN GILMORE v. IMPERIAL LIFE INSURANCE COMPANY.

(Filed 4 January, 1939.)

**1. Insurance § 38—**

Injury sustained when insured was run over by a passenger train *held* not covered by provision of accident policy providing indemnity for injuries sustained by accident while insured is traveling in a railroad passenger car as a passenger therein.

**2. Appeal and Error § 12—**

There is no authority for granting an appeal *in forma pauperis* without proper, supporting affidavit, and an affidavit which fails to aver that appellant is advised by counsel learned in the law that there is error of law in the judgment appealed from, is fatally defective. C. S., 649.

**3. Appeal and Error § 31a—**

The affidavit required in pauper appeals is jurisdictional, and when the affidavit is fatally defective the Supreme Court acquires no jurisdiction and the appeal must be dismissed.

APPEAL by plaintiff from *Sinclair, J.*, at September Term, 1938, of CUMBERLAND.

Civil action to recover on a policy of accident insurance.

The policy in suit provides for indemnity in a number of instances and in case of insured's death by accident resulting from collision with or accident to "any railroad passenger car, . . . provided said passenger car . . . is being operated or driven, at the time by one regularly employed for that purpose, and inside of which the insured is legally traveling . . . as passenger."

The plaintiff was run over and seriously injured by a train of the Southern Railway System in the city of High Point on the night of 24 April, 1938, his right arm being severed above the wrist. Plaintiff was not a passenger on the train at the time.

The trial court, being of opinion that plaintiff's injury was not covered by the terms of the policy in suit, entered judgment of nonsuit, from which the plaintiff appeals, assigning error.

*John H. Cook* for plaintiff, appellant.
*Bullard & Bullard* for defendant, appellee.

STACY, C. J. The interpretation of the policy in suit, as announced in the court below, that plaintiff's injury is not within its terms, finds support in the following cases: *Whitaker v. Ins. Co.,* 213 N. C., 376, 196 S. E., 328; *Headen v. Ins. Co.,* 206 N. C., 860, 175 S. E., 282; *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 565; *Jolley v. Ins. Co.,* 199 N. C., 269, 154 S. E., 400; *R. R. v. Casualty Co.,* 145 N. C., 114, 58 S. E., 906. The nonsuit would seem to be correct.

But for another reason, the appeal must be dismissed. The Court is without jurisdiction to entertain it. The attempted appeal is *in forma pauperis,* and the supporting affidavit is defective, in that, it does not contain the averment, required by C. S., 649, that appellant "is advised by counsel learned in the law that there is error of law in the decision of the Superior Court in said action." This is a jurisdictional requirement. *Lupton v. Hawkins,* 210 N. C., 658, 188 S. E., 110; *Powell v. Moore,* 204 N. C., 654, 169 S. E., 281; *Hanna v. Timberlake,* 203 N. C., 556, 166 S. E., 733; *McIntire v. McIntire, ibid.,* 631, 166 S. E., 732; *Riggan v. Harrison, ibid.,* 191, 165 S. E., 358; *Honeycutt v. Watkins,* 151 N. C., 652, 65 S. E., 762.

There is no authority for granting an appeal *in forma pauperis* without proper, supporting affidavit. *Lupton v. Hawkins, supra.*

Appeal dismissed.