### STATE v. FANNIE MITCHELL.

(Filed 5 June, 1942.)

**1. Criminal Law § 71—**

There is no authority for granting an appeal *in forma pauperis* without proper supporting affidavit, either in a criminal prosecution or a civil action, and therefore a statement in the appeal entries that plaintiff is permitted to appeal as a pauper has no effect when defendant fails to file the jurisdictional affidavit or files an insufficient affidavit.

**2. Same—**

The amendment of C. S., 649, by ch. 89, Public Laws 1937, permitting correction of errors or omissions in the affidavit or certificate of counsel in pauper appeals at any time prior to the hearing of the argument of the case, applies only to appeals in civil actions and not to appeals in criminal prosecutions under C. S., 4651 and 4652.

**3. Same—**

The affidavit required for pauper appeals in criminal prosecutions, C. S., 4651, must be filed during the trial term or within ten days from the adjournment thereof, and must contain averments that defendant is wholly unable to give security for cost, that he is advised by counsel that he has reasonable cause for the appeal prayed, and that the application is in good faith, and these requirements are mandatory and jurisdictional and are not subject to waiver.

**4. Same—**

Where the record on an appeal *in forma pauperis* in a criminal prosecution fails to contain an order allowing such appeal or affidavit sufficient to support such order, the Supreme Court must dismiss the appeal for want of jurisdiction upon motion of the Attorney-General, and omissions and defects cannot be cured by affidavits filed in the trial court more than ten days after the adjournment of the trial term.

APPEAL by defendant from *Burgwyn, Special Judge,* at February Term, 1942, of ALAMANCE.

Criminal prosecution tried upon warrant charging the defendant with having "in her possession untax-paid whiskey for the purpose of sale."

Verdict: Guilty.

Judgment: Six months in jail.

The defendant gave notice of appeal, and the following appears among the entries: "The defendant is permitted to appeal as a pauper."

*Attorney-General McMullan and Assistant-Attorneys General Bruton and Patton for the State.*

*John J. Henderson for defendant.*

STACY, C. J. Upon the call of the docket from the Tenth District, the district to which the case belongs, the Attorney-General lodged a motion to dismiss the appeal, on the ground that it is *in forma pauperis* without order allowing it, or affidavit sufficient to support such an order. This was met by counter-motion for *certiorari* to correct the record and to have the affidavit and order allowing the defendant to appeal *in forma pauperis* sent up by the clerk of the Superior Court of Alamance County.

The clerk has certified two affidavits, one dated 28 February, 1942, which omits to state that "the application is in good faith," and another attempting to cure this defect executed 16 May, 1942. The order signed by the assistant clerk allowing the defendant to appeal *in forma pauperis* is not dated, but it appears on the bottom of the certificate of counsel bearing date 28 February, 1942.

The notation in the appeal entries to the effect that "the defendant is permitted to appeal as a pauper," availeth naught without affidavit to support it, or in the face of an insufficient affidavit. *S. v. Martin,* 172 N. C., 977, 90 S. E., 502. The appeal entries are not signed by the judge.

There is no authority for granting an appeal *in forma pauperis* without proper supporting affidavit, either in a criminal prosecution or a civil action, *S. v. Moore,* 93 N. C., 500; *Lupton v. Hawkins,* 210 N. C., 658, 188 S. E., 110, nor are the mandatory and jurisdictional requirements of the statute subject to indulgences or waiver. *S. v. Holland,* 211 N. C., 284, 189 S. E., 761. This is not a harsh rule. It simply means that one who would avail himself of the benefits of the statute must comply with its terms. That is all.

It has been pointed out in a number of cases that the statutory requirements for prosecuting appeals *in forma pauperis* are different in criminal cases, C. S., 4651 and 4652, from what they are in civil actions. The latter are controlled by the provisions of C. S., 649, which statute was amended by ch. 89, Public Laws 1937, so as to permit corrections of

errors or omissions in the affidavit or certificate of counsel at any time prior to the hearing of the argument of the case on appeal, but this amendment, in terms, applies only to the section pertaining to appeals in civil actions.

The affidavit required by C. S., 4651, is to be filed during the trial term or within ten days from the adjournment thereof. *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734; *S. c., ibid.,* 648; *Powell v. Moore,* 204 N. C., 654, 169 S. E., 281.

It is not the policy of our law to deny to any litigant his right of appeal, but inasmuch as he has no new trial in the Supreme Court, but only questions of law are to be determined, when a defendant in a criminal prosecution is unable to give security for costs, he is reasonably required to make affidavit (1) that he is wholly unable to give security for the costs, (2) that he is advised by counsel he has reasonable cause for the appeal prayed, and (3) that the application is in good faith. *S. v. Marion,* 200 N. C., 715, 158 S. E., 406; *S. v. Moore, supra.* The requirements of the statute are mandatory, not directory, and unless complied with the appeal will be dismissed, not as a matter of discretion, but for want of jurisdiction. *S. v. Robinson,* 214 N. C., 365, 199 S. E., 270. Here, the requirements of the statute have not been met, and we have no discretion in the matter.

However, as was done in the *Holland case, supra,* and the *Stafford case, supra,* we have examined the record and find no reversible error. Hence, the result:

Judgment affirmed; appeal dismissed.