Civil action to set aside deeds for alleged mental incapacity on the part of grantor and undue influence on the part of grantees.
Upon denial of the allegations of the complaint, and issues joined, the jury returned a verdict in favor of the defendants. From judgment thereon, the plaintiff appeals, assigning errors.
A careful perusal of the record leaves us with the impression that no reversible error has been shown, and that the verdict and judgment should be upheld. However, it appears that the affidavit, upon which the order of appeal in forma pauperis was allowed, was not made during the term or within five days thereafter as required by C. S., 649. See Powell v. Moore,204 N.C. 654, 169 S.E. 281; McIntire v. McIntire, 203 N.C. 631,166 S.E. 732. This defeats our jurisdiction. Berwer v. Ins. Co.,210 N.C. 814, 188 S.E. 618; S. v. Mitchell, 221 N.C. 460. "Giving bond on appeal, or granting leave to appeal without bond, are jurisdictional, and, unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket." Honeycutt v. Watkins, 151 N.C. 652, 65 S.E. 762.
Appeal dismissed.