### C. LEE CLARK v. LUCY WHITE CLARK.

(Filed 12 December, 1945.)

**Appeal and Error § 12—**

> The requirements of the statute, G. S., 1-288, relating to appeals to this Court from judgments of the Superior Court in a civil action, without making the deposit or giving the security required by law for such appeals, are mandatory and jurisdictional, and unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket.

APPEAL by plaintiff from *Clement, J.,* at April Term, 1945, of Greensboro Division of GUILFORD.

Civil action for absolute divorce on ground of two years separation, instituted in the municipal court of the City of High Point, and heard in Superior Court upon appeal thereto by plaintiff from order of judge of said municipal court, setting aside judgment rendered therein in favor of plaintiff. The presiding judge of Superior Court, by judgment entered, affirmed the findings of fact and order of the judge of the municipal court. Plaintiff gave notice of appeal therefrom to Supreme Court, and in due time filed affidavit, as required by the statute, G. S., 1-288, to be allowed to appeal without making the deposit or giving the security required by law for such appeal. Thereupon, the presiding judge of the Superior Court, "upon the foregoing affidavit" entered order allowing plaintiff to appeal as prayed, and on 6 November, 1945, the record and case on appeal were filed in the office of the Clerk of the Supreme Court in due time for appeals from the 12th Judicial District at Fall Term, 1945.

Thereafter, on 27 November, 1945, when the Court resumed its sitting for hearing of appeals from the 12th Judicial District, defendant appellee, through her counsel moved to dismiss the appeal in this action for

failure of appellant "to file with his affidavit for permission to appeal *in forma pauperis,* a written statement from a practicing attorney that he has examined the affiant's case and that he is of the opinion that the decision of the Superior Court in said action is contrary to law as required by G. S., 1-288," and filed in support thereof certificate of the assistant clerk of the Superior Court of Guilford County to the effect "that all papers relating to the application of the plaintiff to appeal *in forma pauperis* in the above entitled case were delivered to counsel for the plaintiff at the time the record on appeal herein was certified and signed, and that there is not now on file in the office of the clerk of the Superior Court of Guilford County either the original or any copy of any written statement from a practicing attorney that he has examined the case of appellant and that he is of the opinion that the decision in the Superior Court in said action is contrary to law."

Thereupon, on 28 November, 1945, before the case was reached for hearing of argument, the attorney for appellant filed in this Court a paper designated as "certificate of counsel," which reads: "This is to certify that I have examined appellant's case on appeal and am of the opinion that the decision of the Superior Court, in the above entitled action, is contrary to law. This the 28th day of November, 1945," and signed in the name of, and as "attorney for appellant."

*Walser & Wright for plaintiff, appellant.*
*Moseley & Holt for defendant, appellee.*

WINBORNE, J. The motion to dismiss the appeal must be allowed. The requirements of the statute relating to appeals to Supreme Court from judgment of Superior Court, in a civil action, G. S., 1-288, formerly C. S., 649, without making the deposit or giving the security required by law for such appeal are mandatory and jurisdictional, and "unless the statute is complied with, the appeal is not in this Court, and we can take no cognizance of the case, except to dismiss it from our docket." *Honeycutt v. Watkins,* 151 N. C., 652, 65 S. E., 762. See, also, among others, these cases: *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Hanna v. Timberlake, ibid.,* 556, 166 S. E., 733; *McIntire v. McIntire, ibid.,* 631, 166 S. E., 731; *Powell v. Moore,* 204 N. C., 654, 169 S. E., 281; *Noble v. Pritchett, ibid.,* 804, 169 S. E., 618; *Brown v. Kress & Co.,* 207 N. C., 722, 178 S. E., 248; *Lupton v. Hawkins,* 210 N. C., 658, 188 S. E., 110; *Berwer v. Ins. Co.,* 210 N. C., 814, 188 S. E., 618; *Gilmore v. Ins. Co.,* 214 N. C., 674, 200 S. E., 407; *Franklin v. Gentry,* 222 N. C., 41, 21 S. E. (2d), 828.

In *Powell v. Moore, supra* (1933), where there is full discussion of the provisions of the statute as it then appeared in section 649 of Consoli-

dated Statutes of 1919, it is said: "It is not the policy of our law to deny to any litigant his right of appeal, but inasmuch as only questions of law are to be determined in the Supreme Court, when the party cast in a civil action is unable to make the deposit or give the security required by law for his appeal, he is reasonably required (1) to make affidavit, within five days, that he is unable by reason of his poverty to give the security required by law, and (2) that he is advised by counsel learned in the law there is error in matter of law in the decision of the Superior Court—which affidavit (3) must be accompanied by a written statement from a practicing attorney of said Superior Court that he has examined the affiant's case, and is of opinion that the decision of the Superior Court in said action is contrary to law, and (4) the appeal, when passed upon and granted by the clerk, shall be within ten days from the expiration by law of said term of court."

Thereafter, the General Assembly of 1937 (Public Laws 1937, chapter 89) amended the statute, C. S., 649, so as to permit correction of "an error or omission . . . made in the affidavit or certificate of counsel," by filing "an amended affidavit or certificate" . . . But the amendment does not go so far as to permit the filing of an affidavit of the party appealing or certificate of counsel when no such affidavit or no such certificate was made and filed within the time prescribed by statute.

Hence, as no certificate of counsel appears to have been made and filed in the present case as required by the statute, the motion to dismiss is appropriate, and same is allowed.

Appeal dismissed.