T. LACY WILLIAMS, ADMR., v. HAROLD TILLMAN ET AL.

(Filed 10 November, 1948.)

**Appeal and Error § 12—**

The statutory requirements governing appeals *in forma pauperis* are mandatory and jurisdictional, and where the order allowing the appeal *in forma pauperis* is not supported by the statutory affidavit, there can be no authority for granting the appeal *in forma pauperis*, and the Supreme Court acquires no jurisdiction and can take no cognizance of the case except to dismiss it from the docket.

APPEAL by plaintiff from *Burney, J.*, March Term, 1948, of WAKE.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendants.

Plaintiff's intestate was fatally injured in a quarrel with a fellow employee while both were working for the Raleigh Superweld Service on the premises of the employer and in the course of their employmnt.

From judgment of nonsuit in favor of the individuals composing the employer-partnership, the plaintiff suffered a voluntary nonsuit as to the fellow employee, gave notice of appeal, and in the appeal entries appears the following: "Plaintiff allowed to appeal *in forma pauperis.*"

*James H. Pou Bailey for plaintiff, appellant.*
*Ehringhaus & Ehringhaus for defendants, appellees.*

PASCAL v. TRANSIT CO. and LAMBERT v. TRANSIT CO.

STACY, C. J.  The Court is without jurisdiction to entertain the appeal as the order allowing the plaintiff to appeal *in forma pauperis* is unsupported by the necessary affidavit.  *McIntire v. McIntire*, 203 N. C. 631, 166 S. E. 732; *Hanna v. Timberlake*, 203 N. C. 556, 166 S. E. 733. The requirements of the statute allowing appeals *in forma pauperis* are mandatory, not directory, and a failure to comply with the requirements deprives this Court of any appellate jurisdiction.  G.S. 1-288; *Powell v. Moore*, 204 N. C. 654, 169 S. E. 281; *Brown v. Kress Co.*, 207 N. C. 722, 178 S. E. 248; *Gilmore v. Ins. Co.*, 214 N. C. 674, 200 S. E. 407.  See *S. v. Stafford*, 203 N. C. 601, 166 S. E. 734.

The notation in the appeal entries that plaintiff was "allowed to appeal *in forma pauperis*" is unavailing in the absence of adequate supporting affidavit.  *Riggan v. Harrison*, 203 N. C. 191, 165 S. E. 358.  There is no authority for granting an appeal *in forma pauperis* without the jurisdictional affidavit as denominated in the statute.  *Lupton v. Hawkins*, 210 N. C. 658, 188 S. E. 110.

Giving bond on appeal, or revealing adequate leave to appeal without bond, is a jurisdictional requirement, and unless met by compliance, the appeal is not in this Court, and we can take no cognizance of the case except to dismiss it from our docket.  *Honeycutt v. Watkins*, 151 N. C. 652, 65 S. E. 762; *Brown v. Kress Co.*, supra.

Appeal dismissed.