DOBSON *v.* JOHNSON.

the public highways in a careless and reckless manner so as to endanger the lives and property of others, and leaving the scene of an accident without giving aid and reporting same to the proper authorities.

Upon the call of the case in Recorder's Court on 22 October, 1951, the defendant appeared and made a motion for a trial by jury. Thereupon, the case was transferred to the Superior Court of Edgecombe County as directed in such cases by Chapter 482 of the 1951 Session Laws of North Carolina. No bill of indictment was returned against the defendant by a grand jury in the Superior Court, but the defendant was tried by a jury upon the warrants issued in the Recorder's Court.

The jury returned a verdict of guilty as to both charges set out in the warrants. The defendant made a motion in arrest of judgment. The motion was denied and from the judgment imposed, the defendant appeals and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*
*Cameron S. Weeks and T. Chandler Muse for defendant, appellant.*

━━━━━━━━

MRS. F. M. DOBSON, PLAINTIFF, v. FOSTER JOHNSON, INDIVIDUALLY, MRS. RUTH WINSTON AND MRS. BERTHA JOHNSON, INDIVIDUALLY, AND AS CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF JOHNSON'S FOOD STORE, DEFENDANTS.

(Filed 25 February, 1953.)

**Appeal and Error § 12—**

The requirements of G.S. 1-288 relating to appeal *in forma pauperis* are mandatory and jurisdictional, and failure to comply with the statutory requirements necessitates dismissal.

APPEAL by plaintiff from *Gwyn, J.,* at August Term, 1952, of BUNCOMBE.

Civil action for damages for slander brought by the plaintiff against the defendants.

DOBSON *v.* JOHNSON.

Prior to the impaneling of the jury the plaintiff took a voluntary nonsuit as to the defendants Mrs. Ruth Winston and Mrs. Bertha Johnson.

Upon denial of the allegations of the complaint, and issues joined, the jury returned a verdict in favor of the defendant. From judgment thereon, the plaintiff attempted to appeal *in forma pauperis,* assigning errors.

*Geo. M. Pritchard and Glen R. Penland for plaintiff, appellant.*
*Sale, Pennell & Pennell for defendant, Foster Johnson, appellee.*

PER CURIAM. There is nothing in the record to show that the plaintiff has ever made a request for the appeal to be passed on and granted by the Clerk of Superior Court. Neither the Judge of the Superior Court, nor the Clerk of the Superior Court has signed an order allowing the plaintiff to appeal as a pauper. There is no deposit nor giving of security for cost, no cost bond, no printed record, nor any printed brief in behalf of the plaintiff. The plaintiff has filed in this Court typewritten copies of the agreed case on appeal and of his brief.

The requirements of G.S. 1-288 relating to appeals *in forma pauperis* to the Supreme Court from the Superior Court in a civil action are mandatory and jurisdictional, and " 'unless the statute is complied with, the appeal is not in this Court, and we take no cognizance of the case, except to dismiss it from our docket.' " *Clark v. Clark,* 225 N.C. 687, 36 S.E. 2d 261. "The requirements of the statute allowing appeals *in forma pauperis* are mandatory, not directory, and a failure to comply with the requirements deprives this Court of any appellate jurisdiction. G.S. 1-288." *Williams v. Tillman,* 229 N.C. 434, 50 S.E. 2d 33.

Even though we have no appellate jurisdiction, we have carefully examined the typewritten copy of the agreed statement of the case on the purported appeal, the exceptions filed thereto, and the typewritten brief of the plaintiff. The case seems to have been tried substantially according to law. No prejudicial error appears as would justify a new trial.

Appeal dismissed.