LESSIE ANDERSON v. B. N. WORTHINGTON.

(Filed 11 November, 1953.)

**Appeal and Error § 12—**

When application to the clerk of the Superior Court, supported by affidavit and certificate, for leave to appeal *in forma pauperis* is not made until more than ten days after expiration of the term of court at which the judgment was rendered, the appeal must be dismissed, the requirements of the statute being mandatory and jurisdictional.   G.S. 1-288.

APPEAL by plaintiff from *Stevens, J.,* at May Civil Term, 1953, of PITT.

Civil action for assault and battery.

These are the facts:

1. The cause was heard before the presiding judge and a jury at the May Civil Term, 1953, of the Superior Court of Pitt County, which began on Monday, 18 May, 1953, and expired by law on Sunday, 24 May, 1953.   G.S. 7-70; *Taylor v. Ervin,* 119 N.C. 274, 25 S.E. 875.

2. When the plaintiff had presented her evidence and rested her case, the defendant moved to dismiss the action upon a compulsory nonsuit.

The presiding judge allowed the motion, and entered judgment accordingly.

3. The plaintiff gave notice of appeal from this ruling to the Supreme Court in open court, and was allowed time for preparing and serving her statement of case on appeal. The presiding judge fixed her appeal bond at $100.00.

4. The plaintiff did not give an appeal bond. Fifty days after the expiration by law of the May Civil Term, 1953, of the Superior Court of Pitt County, to wit, on 13 July, 1953, the plaintiff presented to the Clerk of the Superior Court of Pitt County an affidavit of poverty and a certificate of counsel, and procured from the Clerk an order allowing her to appeal *in forma pauperis*.

*Dan H. Jones for plaintiff, appellant.*

*James & Speight and Sam O. Worthington for defendant, appellee.*

ERVIN, J. Appeals *in forma pauperis* in civil actions tried and determined in the Superior Court are governed by G.S. 1-288. Under this statute, the party aggrieved by the judgment of the Superior Court may apply to either the trial judge or the clerk of the Superior Court for leave to appeal to the Supreme Court *in forma pauperis*. In either case, the essential requirements of the statute must be observed, for they are mandatory and jurisdictional in character. *Williams v. Tillman,* 229 N.C. 434, 50 S.E. 2d 33; *McIntire v. McIntire,* 203 N.C. 631, 166 S.E. 732.

The plaintiff elected to apply to the clerk of the Superior Court for leave to appeal *in forma pauperis*. It was essential under the statute for her to present to the clerk "during the term at which the judgment was rendered or within ten days from the expiration by law of the term" an affidavit of poverty made by herself and a written statement made by a practicing attorney complying substantially with the requirements of the statute as to form and content. *Clark v. Clark,* 225 N.C. 687, 36 S.E. 2d 261; *Franklin v. Gentry,* 222 N.C. 41, 21 S.E. 2d 828; *Stell v. Barham,* 85 N.C. 88. It was likewise essential under the statute for the clerk to pass upon and grant the plaintiff's application for leave to appeal *in forma pauperis* within ten days from the expiration by law" of the term at which the judgment was rendered. *Cole v. Gaither,* 205 N.C. 473, 171 S.E. 611; *Powell v. Moore,* 204 N.C. 654, 169 S.E. 281.

Since the essential requirements of the statute in respect to the time for seeking and granting leave to appeal *in forma pauperis* were not observed by the plaintiff and the clerk, we are without jurisdiction to entertain the appeal. *Franklin v. Gentry, supra; Powell v. Moore, supra.*

Appeal dismissed.