MRS. FRANCES PREVATTE v. W. D. PREVATTE.

(Filed 16 December, 1953.)

1. **Appeal and Error § 12—**

Where the judge writes on the judgment that plaintiff be allowed to appeal *in forma pauperis* upon compliance with the statute, but plaintiff obtains no order allowing appeal *in forma pauperis* after the filing of affidavit of poverty subsequent to the term, the appeal must be dismissed for failure to comply with the mandatory provision of the statute. G.S. 1-288.

2. **Same—**

The statutory requirements of appeals *in forma pauperis* are mandatory, and failure to comply deprives the Supreme Court of any appellate jurisdiction.

APPEAL by plaintiff from *Grady, Emergency Judge,* August Term, 1953, of ROBESON. Appeal dismissed.

*I. Murchison Biggs for plaintiff appellant.*

*Robert Weinstein and F. D. Hackett for defendant appellee.*

PER CURIAM. This was a suit for divorce *a mensa.* From order denying motion for alimony *pendente lite* the plaintiff gave notice of appeal and attempted to appeal *in forma pauperis.* However, it appears

that there was no order allowing appeal *in forma pauperis* after the filing of affidavit of poverty subsequent to the term. G.S. 1-288. True, the judge wrote in the judgment "plaintiff allowed to appeal *in forma pauperis* upon compliance with the statute," but this would not authorize disregard of the provisions of the statute. *Anderson v. Worthington*, 238 N.C. 577. The requirements of the statute allowing appeals *in forma pauperis* are mandatory and failure to comply deprives this Court of any appellate jurisdiction. *Williams v. Tillman*, 229 N.C. 434, 50 S.E. 2d 33; *Brown v. Kress & Co.*, 207 N.C. 722, 178 S.E. 248.

Appeal dismissed.